## W. B. NEIFERT v. H. A. AMES.

1. RENT, *Lien for; Recovery.* The person entitled to the rent of farming land may recover from the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased, to the extent of the rent due and damages. (Comp. Laws of 1879, ch. 55, §26.)

2. PURCHASER OF CROP, *When Liable for Rent; Attachment.* A purchaser of the crop raised or made on farming land, with notice of the landlord's lien, is liable for the rent due or payable, to the value of the crop purchased, and where such purchaser intends to remove, or is removing, or has within thirty days removed his property, or the crops, or any part thereof, from the leased premises, the landlord to whom the rent is owing may commence an action by attachment proceedings to recover the rent from such purchaser, whether the rent be then due or not, if it be due within one year thereafter. (Comp. Laws of 1879, ch. 55, §27.)

3. ———— *Jurisdiction.* Justices of the peace have jurisdiction of such an action and proceedings by attachment, where the amount claimed does not exceed $300. (Comp. Laws 1879, ch. 55, §29.)

4. BILL OF PARTICULARS, *Properly Amended.* Where an action was commenced under the act in relation to landlords and tenants, (Comp. Laws 1879, pp. 520, 522) to recover rent from the purchaser of the crop on farming land, having notice of the lien of the landlord thereon, and the parties to the action were present in court, the district court committed no error in permitting the plaintiff to amend his bill of particulars theretofore filed before a justice of the peace, by inserting the value of the crops purchased. Such an amendment being in the furtherance of justice, is clearly authorized by the code.

5. RENT, *Action for, not Prematurely Brought; Attachment.* Where a plaintiff has commenced proceedings by attachment, under ch. 55, Comp. Laws 1879, against a purchaser of the crop raised or made on farming land, having notice of the lien of the landlord, and the rent is not due when such proceedings are commenced, the action is not prematurely brought, if the rent be due within one year, and the person liable for the rent intends to remove, or is removing, or has within thirty days removed his property, or the crops, or any part thereof, from the leased premises. And in such a case, where the judgment on the claim is not rendered until after it is due, such judgment is not prematurely rendered, although the action and the proceedings on attachment were commenced before the claim was due. In such a proceeding, the plaintiff shall not have judgment before the claim is due, but the proceedings on the attachment may be conducted without delay.

6. Under § 24, ch. 55, Comp. Laws 1879, any rent due for farming land is a lien on the crop growing or made on the premises, independent of the attachment proceedings specifically prescribed by the subsequent sections of ch. 55.

*Error from Mitchell District Court.*

ACTION brought by *Ames* against *Neifert,* to recover rent for farming land. Trial at the December Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*H. A. Younge,* and *Horace Cooper,* for plaintiff in error.

*A. H. Ellis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff below (defendant in error here) brought suit before a justice of the peace against plaintiff in error (defendant below), to recover $80, as rent for farming land theretofore leased to one George Goolsby. It was sought in such action to make the defendant liable for the rent as a purchaser of the crop, with notice of the lien of the landlord to the extent of the rent due, not exceeding, however, the value of the crop purchased. As the defendant was removing, and intended to remove the crops from the leased premises, proceedings were also taken by attachment, under §§ 27 and 28, ch. 55 of the act in relation to landlords and tenants. (Comp. Laws of 1879, p. 522.) Goolsby had executed two promissory notes for the rent, one payable December 25, 1880, and the other payable January 15, 1881; each note was for the sum of $62.50. Judgment was recovered before the justice by the plaintiff below, and an appeal taken by the defendant below to the district court. After trial in that court, judgment was again recovered by plaintiff in the action, and the court declared such judgment a lien upon the ungathered crop grown upon the leased premises.

It is claimed that §§ 24–29 of ch. 55 are not sufficient to give justices of the peace jurisdiction in cases of attachment before the maturity of the claim sued upon. The point is not tenable, because it is specially provided in § 27 that whether the rent be due or not (if it be due within one year thereafter), if the person liable to pay rent intends to remove, or is

removing, or has within thirty days removed his property, or the crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and may have an attachment issue therefor; and § 29 gives justices of the peace jurisdiction under the act in all cases where the amount claimed does not exceed $300. In this case the amount sued for was only $80.

The district court permitted the plaintiff to amend his bill of particulars by inserting the value of the crops purchased. As both parties were present in court at the time of the order and the amendment, and as the permission to amend was granted in furtherance of justice, § 139 of the code fully authorized the action taken.

It is further objected that the judgment was rendered prematurely. It is true, the action was commenced before the notes for the rent were due; but as § 27 authorizes the commencement of proceedings where the crop is being removed from the leased premises, whether the rent be due or not, the action clearly was not prematurely commenced, and as the judgment was not rendered until after the notes had become due and payable, no error prejudicial to any party is perceptible. The judgment was not rendered until after the claim was due. (Laws 1879, ch. 55, § 27; Code, § 235.)

Exception is taken to the apointment of a receiver, and the order of the court declaring the judgment a lien on the crops. Neither of these objections is well taken, in view of the condition of the record before us. The return of the officer upon the order of attachment is not set forth in the record, and it is impossible to decide whether the attachment was levied upon the crop or not. Plaintiff in error alleged in his motion to set aside the receiver, that no property was held by attachment; therefore the question whether the appeal discharged the attachment, is not pertinent to this inquiry. Under § 24, ch. 55, the landlord has a lien for any rent due for farming land on the crop growing, or made on the premises. This of course includes any rent due or payable. Independent of attachment proceedings, the plaintiff below had the

right to have the receiver appointed and an order adjudging his claim a lien on the crop.

Other alleged errors are set forth in the brief of the plaintiff in error, but as the pages of the record, which counsel desire us to examine, are not referred to, and as we are unable to find in the record the particular defects pointed out, further comment is unnecessary.

The judgment of the district court will be affirmed.

All the Justices concurring.