WILLIAM SCULLY v. J. H. PORTER.

No. 10574.

1. LANDLORDS LIEN—*on crops exists independently of seizure under process.* The statutory lien given a landlord upon the crops grown or made upon a rented farm exists independently of a seizure upon attachment or other process.

2. ———— *neither recording of lease nor writing requisite to create.* No writing is required to give force to a landlord's lien, nor is the filing or recording of the contract of lease a prerequisite to the creation of such lien.

3. ———— *paramount to claim of purchaser from tenant, of crop still on rented land.* Where a landlord's lien upon a crop has not been waived, relinquished, lost, or otherwise divested, it is paramount to the claim of one who purchases the same while it is in the possession of the tenant upon the leased premises.

*Error from Court of Appeals, Southern Department.*

REVERSED AND REMANDED.      OPINION FILED OCTOBER 10, 1896.

*R. H. Hazlett,* and *C. L. Harris,* for plaintiff in error.

*Redden & Schumacher,* for defendant in error.

JOHNSTON, J.   William Scully owned a farm in
Butler County which he leased in 1887 to J. N. Bled-
soe, who remained in the possession of the same
under the lease until 1890.   During the season
of 1889 Bledsoe raised a large crop of corn which
was cribbed upon the leased land.   The stipu-
lated rental for that year was $310, together with
any taxes levied upon the premises, no part of
which had been paid when the present contro-
versy arose.   While the corn was yet cribbed upon
the premises, about January 20, 1890, J. H. Porter
attempted to purchase the corn from Bledsoe, and a
few days later paid the greater part of the purchase
price.   On January 31, 1890, Porter took from Bled-
soe a chattel mortgage on the corn to secure the pay-
ment of the money advanced on the purchase.   On
February 4, 1890, Scully brought an action against
Bledsoe to recover the rent due, and to enforce the
lien he caused an attachment to be levied on the corn
in the cribs on the leased premises.   On February 7,
1890, Porter, claiming to be the owner of the corn,
brought this action in replevin and obtained posses-
sion of the same from the attaching officer.   William
Scully was substituted for the officer and made a,
party defendant in the action ; and the trial subse-
quently had resulted in a judgment against him,
which was affirmed by the Court of Appeals.

There is little dispute about the material facts in
the case ; and practically the only important question
arising upon them is whether a person can purchase
from the tenant a crop grown and yet remaining
upon the leased premises, free from the

1. Landlord's lien
on crops.

lien of the landlord, where the rental for
the year in which the crops were grown is still due

and unpaid. That the relation of landlord and tenant existed between Scully and Bledsoe is beyond dispute ; and there can be no question that the rent for the year 1889, when the crop was grown, was due and unpaid. The crop was still upon the leased land, and the value of the same did not exceed the amount of rent due for the year 1889. Under these circumstances Scully had a lien upon the corn, which continued until the rent was paid, or until the lien was waived, relinquished, lost, or otherwise divested. In section 24 of the act relating to landlords and tenants it is provided that "Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action, and attachment therein, as hereinafter provided." ¶ 3633, Gen. Stat. 1889. In section 28 ( ¶ 3637, Gen. Stat. 1889,) of the same act provision is made for the enforcement of a lien on crops for rent of farming lands by attachment proceedings. The lien, however, exists by force of the statute, independently of the levy of an attachment ; and so long as the crops remain upon the premises the lien will prevail over the claim of a purchaser.

2. Recording of lease not essential to lien.

No writing is required to give force to the lien, nor is the filing or recording of the contract of lease a prerequisite to the creation of a lien. Many of the leases, being for a term of one year or less and not in writing, cannot be filed or recorded in a public office ; and this indicates plainly enough that the Legislature did not regard record notice essential to the existence of a landlord's lien. No statutory provision with reference to notice is made except in section 26 ( ¶ 3635, Gen. Stat. 1889), which authorizes an action for conversion against the purchaser of a crop to the extent of the rent due and

damages as well.   This is a somewhat severe remedy,
and hence it can only be employed where the pur-
chaser had some notice of the lien.   The action of
Scully was brought to enforce the lien against the
property upon the leased premises, and not to charge
the purchaser for its conversion.   That provision,
however, does not apply where the property is in the
possession of the tenant of the leased premises.   Had
the property been removed by the tenant and sold on
the market, other and different questions would arise
with respect to notice than we have here.   So long as
the property remains upon the leased premises it af-
fords notice to all who deal with the tenant, and there
is little risk of the loss of the lien.   This appears to
have been the view of the Legislature ;
for in section 27 (¶ 3636, Gen. Stat. 1889)
of the act provision is made that where the crop is
being removed or there is an intention to remove it
from the leased premises, the landlord may cause it
to be seized upon attachment, whether the rent be
then due or not, if it be due within one year there-
after.   It is the policy of the law to protect and facili-
tate *bona fide* sales of personal property in the open
market, where they are made without notice of liens ;
but a person who purchases a crop which is in the
possession of the tenant of the leased premises can
hardly be called a *bona fide* purchaser.   Porter knew,
or should have known, that the land was rented ; and as
he is presumed to know the law, he is charged with
knowledge that the landlord has a lien upon the crops
for the unpaid rent.   Aside from the notice afforded by
the record that Scully owned the land, he appears to
have had actual knowledge, for in the chattel mortgage
taken by him from Bledsoe the corn mortgaged is de-
scribed as " 2,600 bushels of corn in the crib on the

3. Landlord's lien
paramount.

farm now occupied by J. N. Bledsoe and known as the Scully land." He may not have had actual knowledge that the rent was unpaid, but he had notice sufficient to put him upon inquiry, and an inquiry would have disclosed that the rent for the year 1889 was still due and unpaid. It is generally held that a notice sufficient to put a purchaser upon inquiry binds him to a knowledge of whatever the inquiry would have disclosed. The statutory lien given to the landlord is paramount to the rights of any one who purchases from the tenant a crop which is yet upon the leased premises.

The case was tried and submitted to the jury upon a different view of the law; and the judgment must, therefore, be reversed and the cause remanded for a new trial in accordance with the views herein expressed.

All the Justices concurring.