### JOHN H. AIKINS v. S. L. STADELL.

**No. 658.** (61 Pac. 325.)

LANDLORD'S LIEN—*Removal and Sale of Crops.* A removal of
crops from the leased premises by the tenant and sale thereafter
to a purchaser with notice of the landlord's lien does not defeat
the lien.

Error from Jackson district court; LOUIS A. MYERS,
judge. Opinion filed June 6, 1900. Reversed.

*Hayden & Hayden,* for plaintiff in error.
*James H. Lowell,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The plaintiff in error sued the de-
fendant in error to recover the value of corn purchased
by the defendant from the plaintiff's tenant, upon
which the plaintiff claimed a landlord's lien for rent.
At the conclusion of the plaintiff's evidence the de-
fendant interposed a demurrer, which was sustained
by the court, and, thereupon, judgment was entered
for the defendant. The petition alleged the making
of the lease, the growing of the crop of corn, the fail-
ure of the tenant to pay the rent stipulated for, and
the sale of the crop of corn to the defendant, with no-

tice of the plaintiff's lien.   The answer was a general denial.

The question presented is, Was there any evidence to go to the jury?   The defendant, who was called as a witness on the part of the plaintiff, testified, in effect, that before he paid for the corn he was advised of the lien of the landlord, and that he reserved $100 from the proceeds of the sale of the corn with which to defend any litigation which he might incur.

It is said in the brief of counsel for plaintiff that the contention upon the argument of the demurrer in the trial court was that the lien was lost after the corn was removed from the farm, and that the trial court sustained the demurrer upon this theory of the law. The brief of counsel for defendant, while not admitting this to be true, in a measure sustains his contention.   It is said therein : '' This particular corn was hauled from the farm of plaintiff some seven miles distant ; none of it was bought or negotiated for elsewhere than on Stadell's premises.''

The decision of the supreme court in *Scully v. Porter*, 57 Kan. 322, 46 Pac. 313, seems to be the basis upon which this contention is rested.   Justice Johnston, speaking for the court, said :

'' Had the property been removed by the tenant and sold on the market, other and different questions would arise with respect to notice than we have here. So long as the property remains upon the leased premises it affords notice to all who deal with the tenant, and there is little risk of the loss of the lien.''

The third clause of the syllabus, to the same effect, holds that a purchase of the crop upon the premises is sufficient notice of the lien.   Section 28 of the statute in relation to landlords and tenants ( Gen. Stat. 1899, § 3741 ; Gen. Stat. 1897, ch. 121, § 28) says :

'' The person entitled to the rent may recover from

the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased to the extent of the rent due and damages.''

This contemplates a recovery after the crop has been removed and converted, whether bought upon the premises or elsewhere. But in such cases notice of the lien must be averred and proved. There was sufficient proof of every allegation to go to the jury and sustain a verdict for the plaintiff; not to the full amount claimed, but in the sum of at least $297.

It is contended by the defendant in his brief that the lien was waived, relinquished, and divested. While on cross-examination there was some evidence elicited which under proper instructions might have been submitted to the jury for their determination as to whether the lien had been waived, yet it did not establish such a conclusive waiver as justified the court in so saying upon the demurrer. The court erred in sustaining the demurrer to the plaintiff's evidence and in denying the plaintiff's motion for a new trial.

Judgment reversed, with directions to award a new trial.