DALE NESSLEY & CO. v. ELIZABETH TAYLOR.
No. 12,247. (66 Pac. 993.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Lien for Rent—Right of Possession.* A landlord has a lien by statute on the whole crop grown on premises leased for farming purposes for rent due from the tenant, and has a right of possession of it until the lien has been discharged, and he may maintain replevin in the district court for the whole crop against an execution creditor of the tenant, notwithstanding there may be more than sufficient to pay the rent and discharge the lien.

Error from Cowley district court; W. T. MCBRIDE, judge. Opinion filed December 7, 1901. Division one. Affirmed.

*S. E. Fink*, for plaintiffs in error.
*Hackney & Lafferty*, for defendant in error.

The opinion of the court was delivered by

Doster, C. J. : This was an action of replevin of
grain. One Markham was a tenant of Elizabeth Tay-
lor, the defendant in error in this proceeding. He
had grown wheat and corn on shares on the leased
premises, and the wheat had been harvested and
ricked. Part of it had been thrashed and appropri-
ated by the tenant on his share. Dale Nessley & Co.,
the plaintiffs in error in- this proceeding, were judg-
ment creditors of Markham, the tenant. They levied
an execution on the remainder of the wheat and on
the corn grown on the premises to satisfy their debt.
Mrs. Taylor, the landlady, replevied all the grain,
claiming the right to do so by virtue of her lien on it
for the payment of rent. Judgment went in her
favor, from which judgment error has been prose-
cuted to this court.

It was not denied that a lien for rent superior to
the execution lien existed ; but the claim was made
that the lien for rent rested on the landlady's share
only, and could be satisfied by setting such share apart
to her, and that she could not assert a possessory
right, by virtue of her lien, to the whole crop, to the
prejudice of the tenant's creditors. In other words,
the contention was made that an accounting could be
had on the trial of the replevin action, and so much
of the grain as would satisfy the lien for rent could
be set aside for that purpose and the remainder be
appropriated to the creditors' demand.

In this state the lessor of farming land has by stat-
ute a lien on the whole crop for the rent due him.
In *Knowles v. Sell*, 41 Kan. 171, 21 Pac. 102, effect
was given to the statute in a controversy between the
landlord and tenant. In *Scully v. Porter*, 57 Kan.

322, 46 Pac. 313, effect was given to it in a controversy between the landlord and a purchaser from the tenant. However, in that case the purchaser claimed the whole of the crop and not the tenant's share merely. The existence of the lien of necessity vests in the landlord a right of possession for its enforcement, and, inasmuch as the lien extends to the whole crop, a corresponding right of possession of the whole crop follows.

A case quite like this one is *Wilkes v. Adler*, 68 Tex. 689, 5 S. W. 497. The statute of Texas gives a lien to landlords in terms quite similar to ours. Cotton grown on leased premises was levied on and sold by a creditor of the tenant. The creditor was held liable to the landlord, despite a claim that enough property remained on the premises to satisfy the latter's lien.

We do not mean to say that a landlord, for all time and under all circumstances, through the assertion of his statutory lien, can withhold his tenant's share of the crops from the latter's creditors. It must be borne in mind that replevin is a possessory action, and that the only right asserted by the landlady in this case was a right of possession. The question whether the creditor could acquire a right of property in the things of which the landlady was possessed was not necessarily involved in the .case. It is not unlikely that, under some one or more of those sections of the civil code entitled "Proceedings in aid of execution," the tenant's share of a crop in the landlord's possession may be appropriated to the satisfaction of debts. Those sections of the code provide ways in which property lying out of the reach of ordinary legal process may be seized and sold, but in a strictly legal action involving only the right of possession they cannot be given application.

Nessley v. Taylor.

Attention has been called to section 153 of the code of practice in justices' courts. (Gen. Stat. 1901, § 5388.) That section provides for a sale of either the landlord's or tenant's share of crops on process issued by justices of the peace. There is no corresponding provision in the civil code of practice in district courts. Counsel for plaintiff in error says that the section cited evidences the legal policy of the state to subject undivided shares of crops to the payment of the debts of the owners. Such may be true, but it does not evidence the right of a creditor of the tenant to dispossess the landlord of his possessory lien on the whole crop given to him by statute ; at least, it does not do so as against a possessory action brought by the landlord under the code of practice for district courts, in which code no similar provision is to be found.

It is not decided in this case that a creditor of a tenant may not levy on and sell the latter's undivided share in the crop. The question whether he may do so is not before us for consideration. It may be that he can do so, and that, after such sale, the purchaser may maintain such proceedings to secure a division of the crop as the tenant might have maintained. All that is decided is that the tenant's creditor may not resist an action of replevin for the undivided crop, brought by the landlord in the district court, in assertion of his possessory lien.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, ELLIS, JJ., concurring.