## S. L. STADEL v. JOHN H. AIKINS.

### No. 12,633. (68 Pac. 1088.)

#### SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Lien for Rent.* A landlord has a lien upon the crops grown on his farm for the unpaid rent, and may recover from any one who purchases such crops, with notice of the lien, the value of the crop purchased to the extent of the rent due and damages.

2. ——— *Constructive Notice to Purchaser.* The notice to the purchaser may be constructive as well as actual, and a knowledge of the facts which should put a purchaser upon inquiry as to the tenancy, the landlord's lien and the non-payment of the rent is notice of whatever the inquiry would have disclosed.

3. SPECIAL FINDINGS—*Presumption upon Review.* If special findings submitted and returned do not cover all the questions involved in the action and the testimony is not preserved in the record, it will be presumed that the general verdict was sufficiently supported by the testimony produced at the trial.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed May 10, 1902. Affirmed.

*James H. Lowell*, for plaintiff in error.

*Hayden & Hayden*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: In 1896 R. Woolery leased and occupied a quarter-section of land owned by John H. Aikins. The rent agreed upon for the year was $375, which became due December 1. Woolery raised a crop of corn on the land, but failed to pay the rent when it was due, and while he was in default he sold a portion of the corn to S. L. Stadel. Aikins claimed a lien on the corn, and demanded from the purchaser the value of the crop sold to the extent of the unpaid rent and damages. This was refused, and the present action was then brought for the amount demanded. The jury returned a general verdict in favor of Aikins, awarding him the sum of $182.64, and in answer to special questions the following findings were made:

"1. Ques. Was the corn hauled by Woolery from the leased premises a distance of some four or five miles to the premises of Stadel, and there weighed by the wagon-load and purchased?   Ans. Yes.

"2. Q. Did Stadel, during the time the corn was being hauled, have actual knowledge that Aikins had a lien thereon?   A. No."

There were four other findings made, but they are immaterial to the questions presented here. A motion for a new trial was made by Stadel, which was afterward withdrawn, and he then asked judgment in his favor on the special findings, but the application was denied and judgment given in favor of Aikins.

It is contended by Stadel that the special findings are inconsistent with the general verdict and that they compel a judgment in his favor. He says that the jury found that he purchased the corn four or five miles distant from the leased premises without notice that Aikins claimed a lien thereon. The finding, as

will be observed, is not that he had no notice of the lien, but it is that he had no actual knowledge that a lien was claimed during the time that the corn was being hauled. There is no finding that he was with- out constructive notice of the lien before a sale was consummated, and the general verdict implies the ex- istence of all necessary facts not inconsistent with those special findings. The plaintiff in error has not preserved the evidence, and the findings of fact do not cover the question of notice. "In the absence of the testimony or of a special finding upon a material ques- tion in the case, it will be presumed that the facts dis- closed in evidence were such as to support the general finding and judgment of the court." (*Pennell v. Felch*, 55 Kan. 78, 39 Pac. 1023. See, also, *Kellogg v. Bis- santz*, 51 id. 418, 32 Pac. 1090.)

Under section 24 of the act in relation to landlords and tenants (Gen. Stat. 1901, §3868), the rent due for farming land constitutes a lien on the crop grow- ing or made on the premises. Under section 26 (Gen. Stat. 1901, §3870), "the person entitled to the rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased to the extent of the rent due and dam- ages." (*Neifert v. Ames*, 26 Kan. 515.) The ques- tion in the case was whether Stadel was a purchaser in good faith and without notice of Aikins's lien on the corn. The notice to the purchaser may be construct- ive as well as actual, and a knowledge of the facts which should put the purchaser upon inquiry is no- tice of whatever the inquiry would have disclosed. In *Scully v. Porter*, 57 Kan. 322, 46 Pac. 313, it was said of the purchaser :

"He may not have actual knowledge that the rent was unpaid, but he had notice sufficient to put him up-

on inquiry, and an inquiry would have disclosed that the rent for the year 1889 was still due and unpaid. It is generally held that a notice sufficient to put a purchaser upon inquiry binds him to a knowledge of whatever the inquiry would have disclosed.''

Nothing in the findings negatives the theory that Stadel knew that Woolery was the tenant of Aikins, and that the corn purchased was raised on the leased premises. The mere fact that there was no actual knowledge that a lien was claimed does not argue that there was no constructive notice of Aikins's right in the corn ; that is, a knowledge of facts sufficient to put Stadel upon inquiry as to whether the corn had been raised on the leased premises, and as to whether or not the rent had been paid. In the condition of the record, it must be assumed that the purchaser had notice of facts sufficient to put him upon inquiry as to the landlord's lien ; and if he failed to make such inquiry he is not a purchaser without notice. When a person purchases grain from a tenant, either on or some distance from the leased premises, with knowledge of the relation of landlord and tenant, or of the facts which should have prompted inquiry as to the existence of a lien in favor of the landlord on crops grown on the leased land, he cannot escape liability to the landlord. Such knowledge is equivalent to notice.

''It is the policy of the law to protect and facilitate *bona fide* sales of personal property in the open market when they are made without notice of liens ; but a person who purchases a crop which is in the possession of the tenant of the leased premises can hardly be called a *bona fide* purchaser.'' (*Scully v. Porter*, supra.) .

The instructions given by the court, although criticized, appear to be substantially correct statements of

the law; but in any event prejudicial error cannot be predicated upon them. "Where no evidence is preserved showing the applicability of instructions asked and refused to the facts of the case, this court will presume they were correctly refused, without examining whether the instructions enunciated correct principles of law." (*Missouri River, F. S. & G. R. Co. v. Owen*, 8 Kan. 409.)

The judgment of the district court will be affirmed.

DOSTER, C.J., ELLIS, J., concurring.