G. J. MAELZER v. MARTHA E. SWAN.

No. 14,950    (89 Pac. 1037.)

SYLLABUS BY THE COURT.

1. PETITION—*Landlord's Lien on a Crop—Action Against Purchaser from the Renter.*  In an action against the purchaser of a crop grown on rented land and upon which there was a lien for unpaid rent it is not necessary for the plaintiff, who seeks to enforce the lien, to set forth a copy of the written lease executed by the landlord and tenant.

2. PARTIES—*Defect Waived.*  The defendant not having made any objection as to a defect of parties, either by demurrer or answer, is deemed to have waived the same.

3. NOTICE — *Landlord's Lien — Purchaser of a Renter's Crop.*  The landlord's lien is only enforced against purchasers who have notice of such lien, but a constructive notice is sufficient; and where the purchaser of a crop grown on rented land has notice of facts and circumstances which would put a prudent man on inquiry it is a good notice of all an inquiry would have disclosed.

4. —— *Constructive Notice.*  The circumstances brought to the attention of the purchaser herein, indicating that the crop was grown on rented land, made it necessary for him to inquire further, and the testimony is deemed to be sufficient to sustain the finding that a reasonable inquiry would have led to the discovery that the crop purchased was subject to a lien.

Error from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed April 6, 1907. Affirmed.

*John Stowell,* and *Emery & Emery,* for plaintiff in error.

*Horace M. Baldwin,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover the value of corn sold by tenants of Martha E. Swan to G. J. Maelzer, upon which she had a landlord's lien. One of the tenants sold Maelzer corn of the value of $343.70, and the other sold him corn of the value of

$253.57. These sales were made when the rent on the leased premises had not been paid. The court found that when Maelzer purchased and paid for the corn he knew it came from rented premises; that the persons selling the corn were tenants on the Swan farms; and that the purchaser had notice that the landowner had a lien on the corn in the sum of $597.27, for which judgment was given.

The first complaint here is that copies of the leases authorizing the tenants to use the land were not set out in plaintiff's petition. If the action against Maelzer had been founded on the leases it would have been necessary to set out copies of them. (Code, §,118; Gen. Stat. 1901, § 4552.) It was not founded on these contracts, however, but was based on the lien given by statute against a purchaser of a crop who has notice of the existence of the lien. (Gen. Stat. 1901, § 3870.) It was therefore unnecessary to attach copies of these leases to plaintiff's petition. Enough was pleaded fully to inform the defendant as to the relations of the parties and the basis of the claims upon which action was brought.

By a demurrer to the evidence offered by plaintiff the defendant attempted to raise the question whether Martha E. Swan was the owner of the rented land and therefore had the right to maintain the action. If there were any grounds for the objection that the proper party had not brought the action or that she had no capacity to sue it should have been made either by a demurrer to plaintiff's petition or by defendant's answer, and not having been done in that way it is deemed to have been waived. (Code, § 91; Gen. Stat. 1901, § 4525; *Coulson v. Wing*, 42 Kan. 507, 22 Pac. 570, 16 Am. St. Rep. 503.)

It is still open for defendant to contend that the evidence fails to establish a right of recovery in the plaintiff, and this contention appears to be based on the grounds, first, that Martha E. Swan was not shown to

32—75 KAN.

be the owner of the rented land, and, second, that notice of the existence of the lien was not brought to Maelzer. The record discloses that the land had been conveyed to William D. Swan, as trustee, more than twenty years ago. Proof was offered that he was trustee for Martha E. Swan; that she had a life-estate in the land; and that she had been in possession of it since 1883, leasing it and collecting rent for its use. Witnesses testified without interruption or objection that the rented land was owned by Martha E. Swan. In this state of the case the exact relations between Martha E. Swan and the trustee and the purpose of placing the legal title to the land in William D. Swan, as trustee, are not material nor fairly open to inquiry in this proceeding.

The second claim is that Maelzer was not shown to have had notice of the lien on the corn. The statute gives the landlord a lien for unpaid rent on all crops grown or made on rented farms. This lien may be enforced against the crop while it is in the hands of the tenant, and also when it passes into the hands of a purchaser who has notice of the lien. (Gen. Stat. 1901, §§ 3868, 3870.) Maelzer denied all knowledge of the existence of a lien, and it was not shown that he had actual notice that the corn was subject to a lien, but according to the testimony facts and circumstances were brought to his attention which should have put him upon inquiry and which charge him with notice of the lien. In *Stadel v. Aikins*, 65 Kan. 82, 68 Pac. 1088, it was held:

"The notice to the purchaser may be constructive as well as actual, and a knowledge of the facts which should put a purchaser upon inquiry as to the tenancy, the landlord's lien and the non-payment of the rent is notice of whatever the inquiry would have disclosed." (Syllabus. See, also, *Neifert v. Ames*, 26 Kan. 515; *Scully v. Porter*, 57 Kan. 322, 46 Pac. 313.)

Although the testimony as to the notice of the lien was not strong, Maelzer appears to have known suffi-

cient facts and circumstances in relation to the matter to put a prudent man on inquiry and require him to exhaust all reasonable and available sources of information in order to ascertain whether the corn purchased was subject to a lien. An inquiry would have led to the discovery that Martha E. Swan had a lien on the corn purchased. Among other things, it appears that for twenty years Maelzer lived within four miles of the Swan land, and his farm extended to within two and one-half miles of that land. In making weekly trips to town he passed the Swan land, and he had some acquaintance with the tenants who sold him the corn. He knew that one of them was a renter and saw the other at work on the Swan land, and, besides, was quite familiar with the neighborhood and with the conditions of the people who lived there. One of the parties who sold the corn told Maelzer where he lived and that it was on rented land. Notwithstanding this information the defendant bought the corn without inquiring whether the rent for the place had been paid. In view of these and other circumstances it cannot be said that the finding of the court is not supported by the testimony.

The judgment of the district court is affirmed.