Cooper v. Greenleaf.

---

S. W. COOPER, *Appellee*, V. KATHRYN GREENLEAF, *Appellant*.

No. 16,956.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Exclusion of Evidence—Motion Not Supported by Production of Excluded Evidence.* Section 307 of the code relieves this court of the duty to examine into alleged error in the exclusion of evidence when such ground of the motion for a new trial was not supported by a production of the evidence excluded.

2. JUDGMENTS—*Dormancy—Insanity of Debtor—Substitution of Guardian.* An adjudication of the insanity of a judgment

debtor does not render dormant a judgment rendered against him before such adjudication, and the guardian may be properly substituted as defendant in the cause in which the judgment was rendered.

3. JUDICIAL SALES—*Validity of Sale Based upon Two Judgments, One of which Was Not Satisfied—Deed Reciting the Other Judgment Only.* In a suit to foreclose a mortgage and also a commission mortgage a judgment was rendered on the former in favor of the mortgagee, and on the latter for a much smaller sum in favor of the holder. Subsequently the holder of the commission mortgage entered a so-called release, reciting that he released and satisfied his judgment although the same had not been paid. Thereafter counsel who had represented the holders of both mortgages in the foreclosure action procured an order of sale on both judgments, which sale was made and confirmed. The sheriff's deed was executed to the holder of the commission mortgage, and recited his judgment only. In an action by him to recover possession of the property, begun more than fifteen years after such sale and confirmation and more than eleven years after recording the sheriff's deed, such deed must be held valid.

Appeal from Sedgwick district court. Opinion filed April 8, 1911. Affirmed.

*Earl Blake, W. A. Ayres,* and *Walter A. Blake,* for the appellant.

*J. A. Brubacher,* and *J. A. Conly,* for the appellee.

The opinion of the court was delivered by

WEST, J.: March 1, 1887, Greenleaf mortgaged to Darlington the property in question, giving a commission mortgage to Cooper, the appellee. November 25, 1889, the mortgage was foreclosed, and a judgment was rendered in favor of Darlington for $3205.82, and a judgment in favor of Cooper for $231.33. Greenleaf was adjudged insane on June 4, 1890, the proceedings reciting that the attack was of three weeks' duration, supposed to be caused by the use of intoxicants. May 3, 1893, Cooper entered the following satisfaction of his judgment: "I hereby release and satisfy this judgment in my favor, although the same has not been

paid." November 1, 1893, Cooper filed a motion, called a motion for revivor, suggesting the insanity of Greenleaf and asking that the cause be continued as against his guardian, who had been appointed June 13, 1890. The court ordered that the action be continued as against the successor in interest of Greenleaf, J. C. Williams, as the guardian, and that the guardian be made a party defendant to the action and to the judgment theretofore entered and recovered, and "that execution is due on said judgment as by its terms directed." The attorneys who represented both Darlington and Cooper filed a præcipe for an order of sale, and the order was issued directing the sale of the property, reciting both judgments. The return shows the sale to Cooper for $175. The sale was confirmed on December 30, 1893, and a sheriff's deed was executed to Cooper on January 6, 1894, reciting the Cooper judgment only. This action was begun by Cooper on February 4, 1909, to recover possession of the property from a daughter and heir of Greenleaf, Kathryn, the appellant. Trial was had and judgment rendered for the appellee. The appellant alleges error in holding valid the pretended revivor, in holding that the appellee was entitled to recover possession by virtue of the sheriff's deed, and in instructing the jury to find for the appellee.

The abstract contains forty-six pages and the counter abstract contains three pages, and counsel for both sides have overlooked rule 9 of this court, requiring abstracts to be indexed, a rule that is to be observed in all cases.

The motion for a new trial was not supported by a showing as to what the excluded evidence was. Section 307 of the code provides, among other things, that "in all cases where the ground of the motion is error in the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence, such evidence shall be produced at the hearing of the motion by

affidavit, deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner." This is a salutary requirement and should be observed, and the failure to observe it in this case relieves us from the necessity of considering the alleged error in excluding the evidence of Greenleaf's insanity for several years before he was adjudged insane. We may say, however, that there was no showing that either Cooper or the public had any knowledge of such alleged insanity, and therefore the evidence was properly excluded.

The so-called revivor was not a revivor in fact, but a mere substitution of the guardian for the insane defendant, so that the latter could be properly represented. While it is conceded that the insanity of a debtor occurring after judgment has been rendered against him has never been held in this state to render the judgment dormant, it is argued that by analogy such conclusion should be reached. The case of *Ashmore v. McDonnell*, (Kan. 1888) 16 Pac. 687, modified and corrected in 39 Kan. 669, is cited upon the theory that if a judgment becomes dormant by the incarceration in the penitentiary of the judgment debtor his insanity likewise renders it dormant. But in *Gray v. Stewart*, 70 Kan. 429, *Ashmore v. McDonnell* was expressly overruled and it was there held that imprisonment in the penitentiary for murder in the first degree does not under the statute (Crim. Code, §§ 337, 338) render dormant a judgment against the person incarcerated. In the opinion it was said:

"It may be urged that the need for the appointment of a trustee and the revivor of a judgment is as great where one is confined in the penitentiary pending his execution as though he were sentenced to the term of one or more years as punishment. That may be so, but if the statute, strictly construed, does not so provide, the discussion, so far as we are concerned, must end. The question is one for the legislature, and not the courts." (70 Kan. 433.)

It may likewise be said that the legislature has not provided that a judgment shall become dormant by the adjudication of insanity of a judgment debtor, and we have no authority to add such a provision to the statute. (Civ. Code, § 445, Gen. Stat. 1901, § 4895; Code 1909, § 442.)

In section 152 of volume 1 of the fourth edition of Freeman on Judgments, speaking of lunatics, it is said:

"Judgments against them, it is said, are neither void nor voidable. They can not be reversed for error on account of defendant's lunacy; the proper remedy in favor of a lunatic being to apply to chancery to restrain proceedings, and to compel plaintiff to go there for justice. In a suit against a lunatic the judgment is properly entered against him, and not against his guardian. A lunatic has capacity to appear in court by attorney. The legal title to his estate remains in him, and does not pass to his guardian. A judgment, to be effective, can not therefore be against any other person than the lunatic."

In the footnote to *Spurlock v. Noe*, 39 L. R. A. 775, the authorities on insanity as affecting judgments are collated, and the rule seems to be that the validity and vitality of a judgment are not impaired by the subsequent adjudication of the judgment debtor's insanity, and that even judgments rendered against an insane person can not be set aside by collateral attack.

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity or binding effect, by parties or privies, in any collateral action or proceeding. . . . It is generally considered that a judgment against a person under the disability of coverture or infancy, or an insane person, is not absolutely void, although it may be voidable, and therefore is not open to collateral attack." (23 Cyc. 1055, 1072.)

In *Gribben, Guardian, v. Maxwell*, 34 Kan. 8, it was held that a purchase of real estate made in good faith and for sufficient consideration, before any inquisition

and finding of lunacy, can not be set aside on account of such inquisition and finding unless the consideration received be returned or offered to be returned. The statute in force at the time the guardian was appointed (Gen. Stat. 1868, ch. 60, §§ 1-4, 6-30, 32-36, 38-46, Laws 1870, ch. 20, §§ 1, 4, 5, 7-11, Laws 1872, ch. 143, § 1, Laws 1876, ch. 83, §§ 1, 2, Laws 1876, ch. 91, §§ 1, 2, Laws 1901, ch. 228, §§ 1-9, Gen. Stat. 1901, §§ 3941-4005; see Gen. Stat. 1909, §§ 4819-4854), did not vest the title of the lunatic's real estate in the guardian, and gave him no power to dispose thereof except by order of a probate court, after proper application and showing had been made. While the law has a tender regard for persons under disability, it would seem inequitable if the sale of a lunatic's property pursuant to a decree of foreclosure could be set aside collaterally, and without returning or offering to return the purchase price, on the ground that subsequent to the rendition of the judgment the judgment debtor had become insane.

The order of sale was issued to satisfy the two judgments, and the fact that the sheriff's deed recited only the judgment in favor of Cooper did not render the sale or deed void; and as the sale was confirmed more than fifteen years before this action was begun we think the trial court properly held the deed valid. (See *Austin v. Ballard*, post.)

No explanation is given for entering the peculiar release of the Cooper judgment; but as this instrument recited that the judgment was not paid, and as the sale was ordered upon both judgments, the sale was properly made and was valid, and it is not necessary to decide the legal effect of the so-called satisfaction. Payment to the right party will operate as a release, but payment to a person not authorized to receive it will not satisfy a judgment. (*Bowersock v. Wickery*, 61 Kan. 632.) But whether or not the so-called release was of any validity, the judgment in favor of Darling-

ton remained in full force and effect, and was the principal basis for the order of sale, and the sale and the deed made by the sheriff must be held valid. The judgment is affirmed.