·No. 24,283.

WILLIAM P. FIRSTENBERGER and T. M. DURLAND, *Appellees*, v. E. A. McBEE, *Appellant*.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Landlord Has Lien on Crops for Rent, Including Money Rent for Pasture*. All the rent for a farm, including pasture, is a lien°on the crops raised thereon by a tenant where the entire tract is leased under one contract for a share of the crops and $5 an acre for the pasture.

2. TRIAL—*Remarks of Court in Presence of Jury*. Remarks made by a court in the presence of the jury during a trial, stating correct rules of law, do not necessarily constitute reversible error.

3. SAME—*When Instructed Verdict Proper*. Where uncontroverted and admitted facts compel a judgment it is not error for the court to instruct the jury to return a verdict accordingly.

4. NEW TRIAL—*Excluded Evidence Not Produced—Not Reviewable*. Excluded evidence not produced on the hearing of the motion for a new trial cannot be considered on appeal to the supreme court.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed March 10, 1923. Affirmed.

*James L. Haley,* of Frankfort, for the appellant.
*R. M. Emery,* and *R. M. Emery, jr.,* for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to recover from the defendant the purchase price of a crop raised on land leased by the plaintiffs to a tenant, whose share of the crop had been sold by the tenant to the defendant. The action was brought under sections 5979 and 5981 of the General Statutes of 1915.

Section 5979 reads:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Section 5981 reads:

"The person entitled to the rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien the value of the crop purchased, to the extent of the rent due and damages."

Judgment was rendered in favor of the plaintiffs, and the defendant appeals.

1. The defendant urges that the court committed error in overruling the demurrer to the evidence of the plaintiffs. The whole evidence showed that the plaintiffs leased to the tenant a quarter section of land, fifty acres of which was pasture land; that for the use of the premises the tenant agreed to deliver to the landlord a share of the crops and to pay five dollars an acre for the pasture; that the money rent was not paid; that the tenant's share of the crops was sold to the defendant; that the defendant knew that the crops purchased by him had been grown on the land and knew the land had been rented to the tenant by the plaintiffs. The evidence showed that the defendant made no inquiry of the plaintiffs to learn if the rent had been paid. Some of that evidence was introduced by the defendant after his demurrer to the plaintiffs' evidence had been overruled. If the plaintiffs' evidence was not sufficient, the defendant's evidence supplied the omission; and the error in overruling the demurrer, if there was any error, was cured. (*Hospital Co. v. Odd Fellows*, 99 Kan. 488, 162 Pac. 302.)

The principal argument of the defendant is that there was no lien on the crops for the rent of the pasture land. There was but one lease, which was in writing; and all of the land was leased to the tenant for one year. The land was one tract, described as the south half of the west half of a certain section in Nemaha county. The contract was for the payment of money and a share of the crops as rent for the entire tract of land.

The defendant cites *Eckhardt v. Taylor*, 90 Kan. 698, 136 Pac. 218, in support of his contention. A careful reading of that case fails to show that it is at all analogous to the one now under consideration. In that case, the plaintiff sued for the rent of pasture, but the pasture had been leased under a separate contract, not included in the lease of farming land on which crops were raised. It may be conceded that the lien on crops must be for rent due on the land leased and that the lien for rent of one tract of land does not attach to crops grown on another tract of land. That is not this case. Here, there was one lease on one tract of land for one rent, a part of which was not paid. The supreme court of Oklahoma, under statutes identical with those quoted, held that—

"Where the rent contract for the lease of 200 acres of land, embracing 135 acres of cultivated land and 65 acres of pasture, stipulates that the rent on the cultivated land shall be payable in certain parts of the crop produced, and the rent for the pasture shall be payable 50 cents per acre, held, that the

lien for the rent due upon the pasture land extends to and may be enforced against the crops grown on the cultivated land." (*Dorsett v. Watkins,* 59 Okla. 198, syl. ¶ 4.)

The plaintiffs, under the statute, had a lien on the crop for the payment of the entire rent.

2. Another contention is that the court made improper remarks in the presence of the jury. The court, after the evidence which has been summarized had been introduced, in substance said that it would not make any difference whether or not the defendant knew that the tenant had not paid his pasture rent. The defendant was presumed to know what he could have learned by inquiry. If he had inquired, he would have learned that the rent was not paid. The statement of the court was correct. This court has said:

"The landlord's lien is only enforced against purchasers who have notice of such lien, but a constructive notice is sufficient; and where the purchaser of a crop grown on rented land has notice of facts and circumstances which would put a prudent man on inquiry it is a good notice of all an inquiry would have disclosed.

"The circumstances brought to the attention of the purchaser herein, indicating that the crop was grown on rented land, made it necessary for him to inquire further, and the testimony is deemed to be sufficient to sustain the finding that a reasonable inquiry would have led to the discovery that the crop purchased was subject to a lien." (*Maelzer v. Swan,* 75 Kan. 496, syl. ¶ 4, 89 Pac. 1037.)

To the same effect are *Scully v. Porter,* 57 Kan. 322, 326, 46 Pac. 313; *Stadel v. Aikins,* 65 Kan. 82, 85, 68 Pac. 1088; and *Magnum v. Stadel,* 76 Kan. 764, 92 Pac. 1093. It may be proper to say that this contention is based on the argument that there was no lien on the crops for rent due for the pasture. That matter has been disposed of adverse to the contention of the defendant.

3. It is argued that the court erred in giving the following instruction:

"Under the law and the evidence in this case your verdict must be for the plaintiffs and against the defendant, E. A. McBee, and for such sum as you may believe from the evidence was the value and purchase price of the corn and millet purchased by said McBee from said Koch, with interest thereon at the rate of 6% per annum from May 1st, 1921, up to the present time."

Under the facts established by the evidence, it was not error to give the instruction.

4. Complaint is made of the exclusion of certain evidence offered by the defendant. That evidence was not produced in any manner

on the hearing of the motion for a new trial. For that reason, error in the exclusion of the evidence, if there was any error, cannot now be considered. (Civ. Code, § 307; *Cooper v. Greenleaf,* 84 Kan. 499, 114 Pac. 1086; *Thompson v. Thompson,* 94 Kan. 168, 171, 146 Pac. 344; *Collins v. Morris,* 97 Kan. 264, 266, 155 Pac. 51; *Harmon v. Harmon,* 111 Kan. 786, 793, 208 Pac. 647.) Numerous other cases to the same effect might be cited.

The judgment is affirmed.

JOHNSTON, C. J., BURCH and DAWSON, J. J., dissenting.