No. 28,158.

C. E. HAYHURST, *Appellant*, v. JUNIUS UNDERWOOD et al., *Appellees*.

(267 Pac. 965.)

Opinion filed June 9, 1928.

J. B. *Wilson* and *E. H. Beck,* both of Lawrence, for the appellant.

C. C. *Stewart,* of Lawrence, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The question in this case is whether or not the recording of certain instruments in the office of the register of deeds was sufficient to charge the purchaser of a crop grown on rented land with constructive notice of the landlord's lien.

This action is brought by the owner of the land against grain dealers who purchased from the tenant clover seed and corn grown on the land in question during the year in which they were purchased. There is no contention in the case as to the plaintiff being the landowner, as to the purchase by the defendants of the clover seed and the corn, the value of it, that it was purchased from the tenant, and that the rent due the landlord had not been paid and is not yet paid in full. The contention of the defendants is that they did not at the time of the purchase have any knowledge or notice of such facts, or any facts, entitling anyone to a landlord's lien on the grain purchased. The case was tried to the court and it was stipulated that defendants had no actual knowledge or notice of such lien. The court found there was no knowledge or notice of any kind. Plaintiff appeals.

Plaintiff relies upon the constructive notice imputed by the recording of two instruments, one on June 20 and the other on July 31 of that crop year. Our statutes provide for a landlord's lien on growing crops and for recovery of the value thereof from the purchaser thereof with notice of the lien.

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided." (R. S. 67-524.)

"The person entitled to the rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien the value of the crop purchased, to the extent of the rent due and damages." (R. S. 67-526.)

There is no longer any question in this state as to the right of a landlord to enforce his lien and recover from the purchaser of crops grown on his land and sold by the tenant when the rent has not been paid, and when the purchaser has the necessary notice, actual or constructive. (*Neifert v. Ames,* 26 Kan. 515; *Scully v. Porter,* 57 Kan. 322, 46 Pac. 313; *Nessley v. Taylor,* 63 Kan. 674, 66 Pac. 993; *Stadel v. Aikins,* 65 Kan. 82, 68 Pac. 1088; *Maelzer v. Swan,* 75 Kan.

496, 89 Pac. 1037; *Mangum v. Stadel,* 76 Kan. 764, 92 Pac. 1093; *Firstenberger v. McBee,* 113 Kan. 110, 213 Pac. 813.)

In this case A. B. Cummings owned the land in question prior to June 20, when he and his wife sold it to the plaintiff, giving him a warranty deed therefor, which deed was acknowledged and recorded that same day. The plaintiff and Cummings had, prior to the execution and recording of the deed, entered into an agreement dated May 27 whereby plaintiff leased the land to Cummings and wife until the first of March following for $1,500, for which a note was given. This lease, to secure the payment of the rent, contained a paragraph giving to the lessor a lien on all the crops grown on the place. This lease was not acknowledged but was filed and recorded, then returned to the agent of the plaintiff, who had left it with the register of deeds to be recorded and with the request that it be returned to him after it had been recorded.

The appellant contends that the recording of the deed from Cummings was constructive notice that he no longer owned the land, and that his remaining on the land and growing crops thereon necessarily showed that he was only a tenant, because the record showed that he had parted with the title. This might, under some circumstances, be sufficient to constitute notice, but not as a general proposition. He might have had an oral reservation of the growing crops, as in the case of *Soeken v. Hartwig,* 124 Kan. 618, 261 Pac. 590, and doubtless many other circumstances might prevent such a conclusion following the mere giving and recording of a deed.

The references to R. S. 67-222 and *Burdette v. Corgan,* 27 Kan. 275, 283, are hardly applicable here, as that statute has particular reference to real property and notice to subsequent purchasers and mortgagees; likewise, the Burdette case concerns a forcible entry and detainer, and the matter of reference to notice was based upon an examination of the records by an agent or principal coadjutor, as he is called, while in this case the question is whether the recording of a deed will in and of itself constitute notice to a grain merchant of a landlord's lien. We think it will not.

Appellant claims the recording of the lease was not only constructive notice of the landlord's lien, but the special paragraph in it giving a lien on the crops made it in effect a chattel mortgage, which would impart notice to the purchasers of the existence of a lien. The trouble with this instrument as a lease is the fact that it was not

acknowledged and not entitled to record, and in that condition the recording of it does not impart the required constructive notice.

"The recording of an unacknowledged assignment of a mortgage will not impart constructive notice of such assignment; it is not an instrument authorized to be recorded." (*Fisher v. Cowles,* 41 Kan. 418, syl. ¶ 3, 21 Pac. 228.)

"The provision of section 20 of the act relating to conveyances, to the effect that the filing of written instruments with the register of deeds for record imparts notice to all parties and persons of the contents thereof, applies to such instruments only as are certified in the manner prescribed by law." (*Wickersham v. Chicago Zinc Co.,* 18 Kan. 481, syl. ¶ 2. See, also, *Banister v. Fallis,* 85 Kan. 320, 116 Pac. 822, and cases therein cited; *Nordman v. Rau,* 86 Kan. 19, 119 Pac. 351.)

This instrument, in form as a lease, with the special paragraph giving the lessor a lien on all the crops until the rent is paid, might make a good chattel mortgage because no acknowledgment is required for such, but was it properly filed to give it the effect of a chattel mortgage and impart notice of a lien as required by statute? R. S. 58-301, 58-302 and 58-306 provide that such instrument must be "deposited in the office of the register of deeds"; that the register of deeds "shall file the same in his office, to be kept there for the inspection of all persons interested"; and, further, that the register of deeds shall keep a book and an index thereto showing certain things as to such instruments.

It was held in *Implement Co. v. Parlin & Orendorff Co.,* 51 Kan. 566, 576, 33 Pac. 363, that if the chattel mortgage had been deposited with the register of deeds and he had failed or neglected to file it, the rights of the mortgagee would not be affected or prejudiced thereby. Under the facts in this case the failure to have this instrument filed and kept for inspection as a chattel mortgage cannot be charged to the register of deeds. The evidence shows it was left with the register of deeds by the agent of the plaintiff to be recorded, with the request that it be mailed to him after it had been recorded.

It was held in *Implement Co. v. Parlin & Orendorff Co.,* supra, that the leaving of an instrument with the register of deeds with any other or different instructions than those prescribed did not constitute a filing as required by law. The recording of a chattel mortgage not required by our statutes to be recorded will not take the place of the requirement that it be deposited, indexed and kept for inspection, and the failure to comply with these statutory requirements is a failure to impart the required notice.

"In general, to constitute a valid filing or record of a chattel mortgage, there must be a compliance with the statutory requirements." (11 C. J. 534.)

"Since filing a mortgage often takes the place of the more elaborate and expensive operation of having it copied into a book of records, withdrawal from the files will destroy the validity of the registration, provided the mortgagee is responsible for such withdrawal and has no valid excuse therefor." (11 C. J. 541.)

We think the recording of the lease, considered either as a lease or as a chattel mortgage, was not sufficient under our statutes to constitute constructive notice to the defendants of the landlord's lien.

Our attention is called to the inconsistency between the ruling of the court in overruling the demurrer to the evidence of the plaintiff and the rendition of judgment in favor of the defendants at the close of the plaintiff's testimony without the introduction of any additional testimony. It is inconsistent, but it is explained as having occurred by taking the demurrer to the evidence under advisement, and later, when no evidence was offered by defendants, it was for the time being overlooked and judgment was rendered in the case for the defendants. Later, to complete the record, the demurrer was overruled. The decision is in effect a sustaining of the demurrer. The appeal and cross appeal bring both rulings here. If the rulings had been at one sitting the court would undoubtedly have sustained the demurrer and then rendered judgment for the defendants as he did; or he could have changed his mind after overruling the demurrer and rendered judgment as he did. The final action results in a judgment for defendants, in which we concur.

The judgment is affirmed.