No. 28,689.

G. W. Shell, *Appellant,* v. C. H. Guthrie, *Appellee.*

(284 Pac. 420.)

Opinion filed February 8, 1930.

*Fred J. Evans,* of Garden City, for the appellant.

*Carl Van Riper,* of Dodge City, and *A. O. Wilson,* of Jetmore, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The question in this appeal involves the relative potency of a chattel mortgage on a quantity of wheat compared with that of a landlord's lien thereon for the payment of rent of the farm where the wheat was grown.

The facts were these: C. H. Guthrie owned a farm of 480 acres in Hodgeman county. He leased it to one Burnham for one year for the consideration of one-fourth of the grain grown on the arable land and $250 in money for the grass land and buildings. The lease was in writing, and the lands were defined thus: South ½, sec. 28-23-26, and SE¼, sec. 29-23-26. The lease specified that the cultivated land was 270 acres. This would leave about 210 acres occupied by the grass land and buildings. The lease also provided:

"It is further agreed that second party pay to first party $250 for grass land and buildings secured by note and mortgage."

The note referred to in the lease read thus:

"$250.                                JETMORE, KAN., July 28, 1924.

"On or before July 1, 1925, for value received, I promise to pay to the order of C. H. Guthrie two hundred fifty dollars. Rent for grass and buildings; on S½ of section 28, township 23, range 26. Farm for the year 1924 with interest at ten per cent from date until paid, if not paid when due. Payable at office of C. H. Guthrie, at Jetmore, Kan.

"This note is given for rent of farm land or pasture, and is made a part of the contract, and the maker agrees that it shall be a first lien on all crops and pasturage on this farm.                                C. D. BURNHAM."

The lease was dated July 28, 1924, and the term was to begin on August 1, 1924, and end on August 1, 1925.

On April 25, 1925, Burnham, the tenant, gave this plaintiff, G. W. Shell, his promissory note for $635, and to secure it he executed to Shell a chattel mortgage on his undivided three-fourths interest in a crop of wheat then growing on the south 100 acres of SE¼, sec. 29-23-26. This mortgage was recorded on May 1, 1925. Some 240 acres of the cultivated land on the farm was devoted to wheat that year—160 acres on SE¼, sec. 29-23-26; 55 acres on the SW¼ of sec. 28; and 25 acres on the SE¼ of sec. 28.

After harvest the wheat crop was divided, one-fourth to Guthrie, the landlord, and three-fourths to the tenant, Burnham; and the latter stored his share in a bin on the premises. On November 24, 1925, there was a balance of $274.97 due Shell on Burnham's note. On that date, Burnham having wholly failed too pay any part of

the money rent due his landlord, the latter took some 200 bushels of Burnham's wheat covered by Guthrie's chattel mortgage and stored on the premises, and sold it to satisfy the rent note of $250 on the assumption that his landlord's lien was superior to that of the chattel mortgagee.

In the lawsuit which followed the cause was submitted upon an agreed statement of facts and judgment was entered in favor of the defendant landlord. No point was made below that the landlord did not formally proceed by attachment.

Shell, the defeated mortgagee, appeals.

The pertinent statute reads:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided." (R. S. 67-524.)

Appellant would avoid the effect of this statute by construing the lease of defendant's farm as if it dealt with two separate tracts of land—the west 160 acres, which was all tilled land, and the other 320 acres, on which were the buildings and grass land. That construction is too artificial. Guthrie rented one farm of 480 acres to Burnham. The lease spoke of it as a farm; it covered the detail of the money rent; the rent note of $250 was included in the lease by reference; and the note itself had a recital to the same effect.

In the case of *Firstenberger. v. McBee*, 113 Kan. 110, 213 Pac. 813, a landlord leased 160 acres, 110 acres being arable and 50 acres in pasture. The tenant agreed to give a stipulated share of the crops grown on the tilled land and $5 per acre for the pasture. The tenant delivered the proper share of the crop, but failed to pay the money rent for the pasture. One McBee bought the tenant's share of the crop. The landlord sued McBee for the purchase price, basing his action on the landlord's lien statute. The landlord prevailed and this court affirmed the judgment. The pertinent syllabus reads:

"All the rent for a farm, including pasture, is a lien on the crops raised thereon by a tenant where the entire tract is leased under one contract for a share of the crops and $5 an acre for the pasture." (Syl. ¶ 1.)

This rule of law was again applied in *Snodgrass v. Carlson et al.*, 117 Kan. 80, 84, 230 Pac. 83. Earlier cases to the same effect are cited in *Hayhurst v. Underwood*, 126 Kan. 349, 267 Pac. 965. The case of *Eckhardt v. Taylor*, 90 Kan. 698, 136 Pac. 218, cited by appellant, is distinguishable from the case at bar as will readily ap-

pear by a perusal of this court's comment thereon in *Firstenberger v. McBee,* supra.

It is also contended that the landlord's lien for the rent of the farm was not superior to the plaintiff's chattel-mortgage lien because the latter had no notice. In *Maelzer v. Swan,* 75 Kan. 496, 89 Pac. 1037, the rule theretofore announced in *Stadel v. Aikins,* 65 Kan. 82, 68 Pac. 1088, was quoted and followed, holding that in the purchase of grain from a farmer notice of a landlord's lien may be constructive as well as actual. In the present case the plaintiff Shell knew the wheat on which he took a mortgage was being grown on rented land. The mortgage recited that Burnham's share of the then growing crop would only be an undivided three-fourths of it. If this was not all the notice he was entitled to, it certainly was sufficient to put him upon further inquiry which would have disclosed all the facts. A chattel mortgagee of a crop of grain stands on no better footing than a purchaser, and of the latter it was said:

"To charge a purchaser with notice of a [landlord's] lien actual notice is not necessary. A person cannot be a *bona fide* purchaser who has brought to his attention facts which should have put him upon inquiry—an inquiry which if pursued with due diligence would have led to a knowledge of the lien. (*Scully v. Porter,* 57 Kan. 322, 46 Pac. 313; *Stadel v. Aikins,* 65 Kan. 82, 68 Pac. 1088.)" (*Mangum v. Stadel,* 76 Kan. 764, 765, 92 Pac. 1093.)

The judgment is affirmed.