THE BOARD OF COMMISSIONERS OF LYON COUNTY v.
MARY M. COMAN *et al.*

HIGHWAY — *Damages — Appeal — Objection too Late.*  In the trial of an
action for damages for the location of a public highway, on appeal
from the board of county commissioners, when an objection is first
made, after the trial has commenced, that the action could not be
maintained by the plaintiffs jointly, *held,* that the objection comes
too late; and that a defect of parties must be taken advantage of by
demurrer or answer.

*Error from Lyon District Court.*

THE case is stated in the opinion.  Judgment for the plain-
tiffs, *Coman* and another, at the May term, 1887.  The
defendant *County Board,* brings the case here.

*A. M. Flory,* county attorney, and *J. Jay Buck,* for plain-
tiff in error.

*Kellogg & Sedgwick,* for defendants in error.

Opinion by GREEN, C.: This was an appeal to the district
court of Lyon county from an allowance made by the board
of county commissioners, for damages awarded by reason of
the location of a road through the land of the plaintiffs
below.

The defendants in error presented their claim for damages
to the viewers, and were allowed $190.50.  This allowance
was reduced by the board of county commissioners to $100,
on a hearing before the board as to the amount the plaintiffs
below were entitled to recover.  The order of allowance was
made to the plaintiffs below jointly, and, from this allowance,
they appealed to the district court.  Upon the trial the de-
fendant below objected to the introduction of any evidence
because the plaintiffs had no joint interest in the subject-mat-
ter of the action, and were improperly joined.  This objection
was overruled.  The plaintiffs then introduced their evidence,
and the defendants moved to dismiss the case for the reason

that the action was improperly brought, and because the plaintiffs had no joint interest in the subject-matter of the action and were improperly joined as parties plaintiff and defendant. This objection was also overruled and excepted to, and the defendant then asked the following instruction, which was refused, and excepted to:

"If you believe from the evidence that previous to the laying-out of the road in question, and ever since, Mary M. Coman owned one of the quarter-sections and C. W. Coman owned the other, and the road is laid out partly on each, then each one would have a right to sue for damages, if damaged in fact, but they cannot maintain a joint action."

These are the only errors complained of. We think the defendant below has mistaken its remedy. No objection was made to the plaintiffs' claim on account of there being a defect of parties, until the case was on trial in the district court. They presented their joint claim for damages to road-viewers and had it considered, and upon the report of the viewers being accepted by the board of county commissioners, had the same considered there, without objection, and allowed to them jointly. While no pleadings are necessary in an action of this kind, we think the defect of parties should have been raised by proper pleadings before the case was on trial. The plaintiffs' claim for damages could be regarded as a petition, and, if there was a defect of parties, it could have been raised by demurrer or answer. Failing to do that, the defendant below waived the question. Section 91 of the code provides:

"When any of the defects enumerated in section eighty-nine do not appear on the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

If the position of the defendant below be correct, then it would have been but fair to the plaintiffs to have raised the question at the proper time, and, if sustained, the court could

have permitted the plaintiffs to amend by filing separate petitions, under § 92 of the code, which reads:

"When a demurrer is sustained, on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service."

All of the objections made by the defendant below came too late. It is well settled by numerous decisions of this court, that a misjoinder, or a defect of parties, is waived, if not taken advantage of by demurrer or answer. (*Simpson v. Greeley*, 8 Kas. 586; *Parker v. Wiggins*, 10 id. 420; *Thomas v. Reynolds*, 29 id. 304; *Woodman v. Davis*, 32 id. 344.)

The question properly triable in this case was the amount of damages the plaintiffs had sustained, and this question was fairly submitted to the jury. We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.