W. H. Hurd v. Mary H. Simpson *et al.*

1. Defect of Parties—*Waiver.* A defect of parties should be raised either by answer or demurrer, and, when not so taken advantage of, is usually waived.

2. Evidence—*Findings.* The evidence examined, and found sufficient to support the special findings and judgment of the trial court.

*Error from Harper District Court.*

The facts are sufficiently stated in the opinion.

*Geo. E. McMahon,* for plaintiff in error.

*Shepard, Grove & Shepard,* for defendants in error.

Opinion by GREEN, C.: This was an action brought by the defendants in error, who are husband and wife, to recover the balance of the purchase-price of certain real estate in the city of Anthony, in Harper county. The title to a portion of the real estate was in each one of the plaintiffs below. On the 11th day of March, 1887, S. E. Adams, John F. Goggin and B. F. Smith were engaged in the real-estate business in Anthony, under the name of the Anthony real-estate exchange. The real estate in question was placed in the hands of said firm, and sold on the same day, for $5,650, and a deed was made by R. J. and Mary H. Simpson to W. H. Hurd, the plaintiff in error. The court below found that S. E. Adams, one of the members of the real-estate exchange, in behalf of the plaintiffs below, sold said real estate to W. H. Hurd, John F. Goggin and J. T. Holdridge; that there was a mortgage upon the premises for $2,890, which the purchasers were to assume as a part of the consideration; that $750 was the only part of the purchase-price paid to the plaintiffs below, or either of them; that two of the lots conveyed to the plaintiff in error were sold and deeded by him to the purchaser, the consideration expressed being $800; that on the 16th day of May, 1887, W. H. Hurd paid interest upon the mortgage upon the land deeded to him, amounting to the sum of $288. From the conclusions of fact, the trial court found that the plaintiffs were entitled to recover the sum of $2,010, with interest at 7 per cent. per annum from the 11th day of March, 1887, for which judgment was rendered in the court below. The plaintiff in error assigns error, and brings the record to this court for review.

The first assignment is, that the court erred in overruling defendant's objection to the misjoinder of plaintiffs. This objection was not made by answer or demurrer, and hence cannot be considered. The answer was a general denial. The rule is well settled that a misjoinder or defect of parties is waived, if not taken advantage of by demurrer or answer. (*Comm'rs of Lyon Co.* v. *Coman*, 43 Kas. 676; *Coulson v.*

*Wing,* 42 id. 507; *Woodman v. Davis,* 32 id. 344; *Thomas v. Reynolds,* 29 id. 304.)

The next contention of the plaintiff in error is, that there was a failure of proof upon the part of the plaintiff below, and hence a demurrer to the evidence should have been sustained. We have carefully considered all the evidence in the record, and we think there is sufficient to uphold each and all of the special findings of fact. The plaintiff in error had knowledge of the fact that the land was deeded to him a short time after the execution of the same; he and his wife executed a warranty deed to a portion of the same property conveyed to him by this deed from the plaintiff below, and he also paid the interest upon the mortgage. There certainly was evidence of the recognition of the purchase of the land.

We find no error in the proceedings of the court below, and the judgment should, therefore, be affirmed.

By the Court: It is so ordered.

All the Justices concurring.