No. 24,427.

WALLACE ROBERTSON, *Plaintiff*, v. DIEDRICH SWART et al., (FRANK A. KELSEY et al., *Appellees*, JOHN D. MYERS and WHITSED LAMING, *Appellants*).

#### SYLLABUS BY THE COURT.

FORECLOSURE—*Of Purchase-money Lien—Before One-third of Purchase Price Paid—Period of Redemption.* Proceedings to fix the period of redemption from sale under a purchase-money lien examined, and *held,* fictitious values, arbitrarily assigned for trading purposes, should be disregarded in determining whether one-third of the purchase price had been paid.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 9, 1922. Reversed.

*Malcolm McNaugton,* of Leavenworth, and *John D. Myers*, of Kansas City, Mo., for the appellants.

*W. W. Hooper,* of Leavenworth, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The district court allowed a landowner the full period of eighteen months in which to redeem from a foreclosure sale. A mortgagee, and the purchaser at the sale, who claim six months only should have been allowed, appeal.

Swart traded a section of land in Leavenworth county to Kelsey for two flats in Kansas City, Mo. The flats were encumbered by mortgages amounting to $20,000, which Swart assumed. The section was encumbered by mortgages as follows:

| | |
|---|---|
| Bankers Life Insurance Company | $24,000 |
| McCorkle | 17,000 |
| McCorkle | 1,200 |
| Robertson | 5,000 |
| Total | $47,200 |

Kelsey assumed these mortgages, and in addition gave Swart a mortgage for approximately $4,000. The exact amount of this mort-

gage was $3,946.22, and it was assigned by Swart to Myers. Robertson foreclosed subject to the mortgages to the life insurance company and McCorkle. Myers was made a party, and foreclosed subject to all prior liens. The Meyers judgment amounted to $4,-661.65. The Robertson judgment was paid, and the sum of $1,000 was paid on the Myers judgment. The land was sold subject to the life insurance company and McCorkle liens, and Myers moved to confirm. His motion contained the following:

"Defendant further shows to the court that the judgment upon which this sale was ordered was a judgment rendered upon a purchase-money mortgage, being a mortgage given for the purchase price of the real property described herein, and that less than one-third of the purchase price of said property had been paid."

The motion concluded with a prayer that the redemption period be fixed at six months from date of sale, which was denied.

The market value of the section was $90 per acre, or $57,600. The market value of the flats was $24,000. There was evidence that in the negotiations the flats were priced at $55,000, and the land at $80,000. The contract of sale gave the consideration as mutual agreement of the parties, and the deed of the section recited a consideration of a dollar and other valuable considerations.

Section 503 of the civil code, relating to foreclosure of purchase-money liens, provides that, if default be made before one-third of the purchase price of land has been paid, redemption must be made within six months from date of sale. Section 476 provides that, if the land be abandoned, or be not occupied in good faith, the owner shall be given but six months in which to redeem. The manifest purpose of these provisions was to prevent abuse of the redemption privilege, which in proper cases is exercisable within eighteen months from date of sale. The question here is whether it would be an abuse of the redemption act to compel a purchase-money lien holder to submit to a redemption period of eighteen months, merely because traders chose to assign fabulous prices to their real estate.

It is proposed that an equity of $4,000 in the Kansas City flats shall be considered as paying $35,000 of the price of a farm in fact worth $57,600, but priced at the extravagant sum of $80,000. That the prices assigned were not genuine, but were artificially adjusted and purely fictitious, is plain. By pricing the farm at $80,000, subject to mortgages for $45,000, the equity would amount to

Robertson v. Swart.

$35,000. To make the trade even, the flats were priced at $55,000, subject to mortgages for $20,000. It so happened, however, that the land was mortgaged for $47,200 and, in order to make the trade satisfactory, it was necessary for Kelsey to give Swart another mortgage for $4,000. All the while the farm was worth only $57,600, the flats were worth but $24,000, and the net result was, an equity of $4,000 in the flats was traded for the equity of $6,400 in the farm. Under these circumstances, the trading prices must be disregarded.

The purchase price of the farm was the amount of the mortgages assumed and given, $51,200, and the flats, less mortgages of $20,000 assumed. On the farm mortgages assumed and given, the purchaser has paid $6,000. No value which in reason and conscience may be assigned to the equity in the flats, will bring the amount paid by Kelsey up to one-third of the purchase price of the farm, and the redemption period should have been fixed accordingly.

The judgment of the district court is reversed, and it is ordered and adjudged by this court that, unless redemption be made on or before February 1, 1923, the sheriff execute a deed to the purchaser. Mandate to the district court will issue at once.