### No. 25,046.

J. W. WOODS, *Appellee,* v. LLOYD E. WOLF et al., *Appellants.*

#### SYLLABUS BY THE COURT.

1. REDEMPTION—*Mortgage Given for Purchase Price—Default Before One-third of Purchase Price Is Paid—Period of Redemption Six Months.* Where a purchaser of real property has given a lien to secure payment of the purchase price, and makes default before one-third of the price is paid, and the lien is foreclosed and the property sold, the judgment debtor has six months as prescribed by statute (R. S. 60-3466) in which to redeem the property.

2. SAME—*Assumption of Mortgage Indebtedness as Part of Purchase Price Does Not Constitute Payment on Purchase Price.* An assumption of a mortgage indebtedness as part of the purchase price of real estate does not constitute a payment in a computation of the amount paid on the purchase price for the purpose of determining whether the defaulting purchaser is entitled to six months or to eighteen months to redeem the property from foreclosure sale.

3. SAME—Defendants bought a farm for $40,000, paying $7,000 in cash therefor, and assuming a first mortgage for $14,000 and giving a second mortgage for $19,000. Default was made which matured the second mortgage and it was foreclosed and the property ordered sold to satisfy it. *Held* that defendants had paid less than one-third of the purchase price of the farm and were therefore entitled to no more than six months in which to redeem.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed May 10, 1924. Affirmed.

*Carr W. Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellants.

*O. W. Helsel,* of Wichita, and *A. C. Glenn,* of Medford, Okla., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is to settle the question whether defendant mortgagors were entitled to 6 months or to 18 months to redeem their property sold in foreclosure under the following circumstances:

Plaintiff sold to defendants a half section of land for $40,000, on terms, viz.:

| | |
|---|---:|
| Cash paid by defendants | $7,000 |
| First mortgage on property assumed by defendants | 14,000 |
| Second mortgage on property given by defendants to plaintiff | 19,000 |

Defendants defaulted on payment of interest on the second mortgage which matured the junior indebtedness of $19,000, and judg-

Woods v. Wolf.

ment for that sum, less a small set-off, plus interest and costs, was entered by stipulation, signed by the parties and filed December 5, 1922. The stipulation, among relevant but not controverted matters, contained the following:

"That said first mortgage is not due and that no interest payments thereon are in arrears and that the interest thereon is paid in advance until about June, 1923, so that the only remaining question in this case is the period in which the defendants have the right to redeem said land after the mortgage foreclosure sale. The plaintiff contends that the equity of redemption is limited to a six months period while the defendants contend that the redemption period is eighteen months from the date of sale."

The trial court ruled that the period of redemption after sale of the property to satisfy the $19,000 second-mortgage indebtedness was limited to six months.

Defendants appeal.

Both parties direct our attention to the statute which provides that in any contract for the sale of real estate where a purchase-money lien is given and default is made in any of the conditions of the mortgage or instrument giving the lien before one-third of the purchase price is paid, such lien may be foreclosed and the property sold subject to the mortgagor's right to redeem within six months (R. S. 60-3466), in contradistinction with the usual right of a judgment debtor to redeem within eighteen months from ordinary mortgage foreclosure sales of real property. (R. S. 60-3439.)

The purchase price of the property involved was $40,000. One-third of that sum is $13,333.33⅓. Have the defendants paid the latter sum? Not in money; but they argue that in addition to the $7,000 paid in cash they also assumed the first-mortgage indebtedness of $14,000 and have not defaulted on that assumed obligation; and they contend that the $7,000 in cash plus the $14,000 assumed constitutes a payment aggregating $21,000, which, being in excess of one-third of the entire purchase price, removes this case from the class of foreclosure sales where the statute accords but six months to redeem.

The contention lacks merit. An assumption of a mortgage indebtedness constitutes an obligation to pay but it does not constitute payment. Payment discharges the debt; it extinguishes it. Although the interest on the $14,000 mortgage was not in default but paid in advance at the time the second mortgage was foreclosed, that fact has no bearing on the question at issue. That $14,000 mortgage indebtedness is still very far from being paid.

The proposition before us is regulated wholly by statute which, in substance, is this: An ordinary judgment debtor has 18 months in which to redeem his property sold under foreclosure proceedings, but where his ownership of the property is essentially founded on his mere promise to pay the purchase price and he defaults before one-third of the promise is performed, a leniency of six months for redemption after sale is all that the law extends.

Affirmed.