Chastain v. Walton.

No. 26,418.

R. M. Chastain, *Appellee,* v. Clara Sybil Walton et al.,
*Appellants.*

SYLLABUS BY THE COURT.

Mortgages—*Redemption—Purchase Money Mortgage.* Where a purchase-money mortgage was foreclosed, the purchaser having paid less than one-third the purchase price, it was not error to reduce the redemption period from sheriff's sale to six months.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed January 9, 1926. Affirmed.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellants.

*Thomas C. Wilson* and *Henry Lampl,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The question presented here is whether the trial court erred in fixing the period of redemption from sheriff's sale at six months.

Defendants bought the real estate involved from plaintiff for an expressed consideration of $7,500. They made a cash payment of $2,000, assumed a mortgage of $3,000 and executed a second mortgage for $2,500. They later paid $400. By an arrangement between the parties the $3,000 mortgage was satisfied and one for $4,200 executed in its place. Plaintiff filed this action to foreclose the second mortgage of $2,500, less the $400 which defendants had paid.

At confirmation plaintiff sought to reduce the period of redemption to six months. A hearing was had, following which the court made a finding. It reads, in part:

"The period of redemption in this case is fixed at six months. The real question in the case is whether Walton purchased the equity of redemption or the property. The undisputed evidence shows that the property and not the equity was sold, and it was sold for $7,500. Therefore, under the evidence, less than one-third of the purchase price is paid."

The defendant argues that the question in controversy is whether they purchased the property at $7,500 or the equity (subject to the $3,000 mortgage) at $4,500. The statute provides that whenever a lien shall be given for the purchase price of any real estate, and

Mortgages, 27 Cyc. p. 1817 n. 53.

default shall be made in the conditions of the mortgage or instrument giving such lien before one-third of the purchase price of such real estate shall have been paid by the purchaser thereof, such purchase-money lien may be foreclosed and the redemption period shall be six months instead of eighteen. (R. S. 60-3466.)

It will be noted that the language of the statute refers to the price of such real estate rather than to an equity in the real estate.

In *Woods v. Wolf,* 116 Kan. 56, 225 Pac. 1081, it was said:

"An assumption of a mortgage indebtedness as a part of the purchase price of real estate does not constitute a payment in a computation of the amount paid on the purchase price, for the purpose of determining whether the defaulting purchaser is entitled to six months or to eighteen months to redeem the property from foreclosure sale. . . . An assumption of a mortgage indebtedness constitutes an obligation to pay, but it does not constitute payment." (See, also, *Robertson v. Swart,* 112 Kan. 469, 211 Pac. 113.)

It is apparent that the purchase price of the property was $7,500. The defendant paid thereon, the sum of $2,400 only. He was "out of pocket" that amount only. The court's finding was supported by the evidence, and we conclude there was no error in reducing the period of redemption to six months.

The judgment is affirmed.