No. 28,093.

The Lawrence National Bank, *Appellant,* v. Fred Howard et al.,
   *Defendants;* Amy H. Buckingham and Frank I. Buckingham,
   *Appellees.*

(262 Pac. 561.)

SYLLABUS BY THE COURT.

1. Mortgages—*Foreclosure—Redemption—Computation of Period.* Land was
   sold for an agreed price of $65,700, $15,000 of which was to be paid in cash
   and $49,500 of which was in mortgages on the property, but the mortgages
   were not assumed by the purchaser, the deed to the purchaser reciting that
   the land was subject to two mortgages, one for $28,500 and one for $21,000.
   The mortgage for $21,000 was foreclosed and the land was sold. *Held,* the
   payment of $15,000 in cash did not amount to one-third of the purchase
   price, and for that reason the period of redemption should have been placed
   at six months.

2. Mortgages — *Right to Contest Validity — Purchaser with Deed Reciting
   Mortgage.* A purchaser of land cannot successfully contest a mortgage ex-
   isting on the land at the time he purchased it, where the deed to him recites
   that the land is subject to the mortgage.

3. Parties—*Real Party in Interest—Waiver of Objection.* In order to contest
   the right of a plaintiff to prosecute an action because he is not the real
   party in interest, that question must be raised by answer unless the defect
   appears on the face of the petition, when it may be raised by demurrer.

4. Mortgage—*Foreclosure—Title to Sustain Action.* A bank to which a mort-
   gage has been properly assigned to protect the estate of a deceased person
   against liability on an attachment bond may foreclose the mortgage.

   Appeal from Leavenworth district court; James H. Wendorff, judge. Opin-
ion filed January 7, 1928. Affirmed in part and reversed in part.

   *C. A. Smart,* of Lawrence, for the appellant.

   *Lee Bond,* of Leavenworth, for the appellees.


The opinion of the court was delivered by

Marshall, J.: The plaintiff commenced this action to foreclose
a mortgage on real property. Judgment was rendered in its favor,
foreclosing the mortgage. The property was sold and on confirma-
tion of the sale the period of redemption was fixed at eighteen
months. From that order the plaintiff appeals, claiming that the
period of redemption should have been fixed at six months. The
defendants Amy H. Buckingham and Frank I. Buckingham appeal
from the judgment foreclosing the mortgage.

Bills and Notes, 8 C. J. pp. 820 n. 83, 822 n. 88. Mortgages, 41 C. J. pp. 595
n. 76, 884 n. 79; 42 C. J. p. 384 n. 65. Pleading, 31 Cyc. pp. 737 n. 1, 738 n. 3.

1. Was the period of redemption properly fixed at eighteen months? This necessitates a recital of the facts by which Amy H. Buckingham, the wife of Frank I. Buckingham, became the owner of the property. On November 21, 1924, and for some time prior thereto, Lillian P. Cox owned the property. She with her husband, C. B. Cox, sold it to Charles A. Loomis, of Kansas City, Mo., for the agreed price of $65,750. There was a mortgage of $28,500 on the property. Loomis would not pay more than $15,000 in cash, but agreed to take the property subject to the mortgage of $28,500 and subject to a second mortgage of.$21,000. He would not assume nor agree to pay either of those mortgages. On November 21, 1924, Lillian P. Cox and her husband, C. B. Cox, met Charles A. Loomis in an office in Leavenworth, where in his presence a deed was drawn and was signed by Lillian P. Cox and C. B. Cox, conveying the land to Fred Howard, their son-in-law. That deed recited a consideration of $65,750 and recited that it was taken subject to a mortgage of $28,500. Fred Howard and his wife then signed a mortgage for $21,000 and named therein E. M. Dickinson, the father of Lillian P. Cox, as mortgagee. Fred Howard did not pay anything for the deed to him, nor receive anything for the mortgage from him. Fred Howard and wife then signed and delivered a deed conveying the land to Charles A. Loomis. That deed recited a consideration of $65,750, and recited that the land was subject to a first mortgage of $28,500 and a second mortgage of $21,000. Charles A. Loomis accepted the deed, and the deed and mortgage were afterward recorded. Charles A. Loomis thereafter paid interest on both mortgages, which included three coupons on the mortgage for $21,000. Afterward Charles A. Loomis conveyed the property to Amy H. Buckingham. The deed to her recited that it was subject to the two mortgages, one for $28,500 and one for $21,000. She was in possession of the property at the time the mortgage was foreclosed. This action is one to foreclose the $21,000 mortgage.

Section 60-3466 of the Revised Statutes, in part, reads:

"Whenever a lien shall be given for the purchase price of any real estate, and default shall be made in the conditions of the mortgage or instrument giving such lien before one-third of the purchase price of such real estate shall have been paid by the purchaser thereof, such purchase-money lien may be foreclosed by the legal holder thereof in the manner now provided by law for the foreclosure of other mortgages, and such real estate may be sold under a judgment of foreclosure, as now provided by law: *Provided,* That whenever any such real estate shall be so sold and the same shall not be redeemed from the judgment by the payment of all principal and interest due upon such lien

and costs of such foreclosure within six months from the date of such sale, such sale shall become absolute, and the purchaser at such foreclosure sale shall be immediately entitled to a deed to the real estate purchased."

The agreed price to be paid for this land was $65,750. Charles A. Loomis paid $15,813.27 in cash. That was less than one-third of the purchase price which included the two mortgages. They were liens on the land to secure their payment. For that reason, the period of redemption should have been placed at six months. *Woods v. Wolf*, 116 Kan. 56, 225 Pac. 1081, and *Chastain v. Walton*, 120 Kan. 157, 242 Pac. 479, although not directly in point, support this conclusion.

2. Amy H. Buckingham and Frank I. Buckingham contend that there should not have been any judgment foreclosing the $21,000 mortgage. This contention is based on the fact that Fred Howard did not pay anything for the land when it was conveyed to him and did not receive anything for the $21,000 mortgage which he signed. This question has been disposed of by *Moffatt v. Fouts*, 99 Kan. 118, 160 Pac. 1137, where this court said:

"Ordinarily a mortgagee may assert the invalidity of a prior mortgage, but he is estopped to do so where his mortgage contains an express recital that it was taken subject to the prior mortgage."

That rule applies to a grantee in a deed the same as to a mortgagee.

3. The Buckinghams contend that the action is not prosecuted by the real party in interest. That question was not presented to the trial court either by answer or demurrer. So far as the abstracts show the petition did not disclose any defect of parties plaintiff, nor that the plaintiff was not the real party in interest. In *Coulson v. Wing*, 42 Kan. 507, 22 Pac. 570, the court said:

"Where a defect of parties is not apparent on the face of a petition, and is not taken advantage of by answer, it is waived." (Syl. ¶ 3.)

See, also, *Comm'rs of Lyon County v. Coman*, 43 Kan. 676, 23 Pac. 1038; *Hurd v. Simpson*, 47 Kan. 245, 26 Pac. 465; *Maelzer v. Swan*, 75 Kan. 496, 89 Pac. 1037.

4. The abstracts disclose that the mortgage sued on was held by the plaintiff bank for Mary G. Bowersock as administrator of the estate of J. D. Bowersock to indemnify the estate against liability on an attachment bond which had been signed by J. D. Bowersock in an attachment action, wherein C. B. Cox was plaintiff and F. H. Harper was defendant. A possible liability on the attachment bond existed at the time of the commencement and of the trial of the

present action. The mortgage had been properly assigned to the plaintiff bank. In *Manley v. Park*, 68 Kan. 400, 75 Pac. 557, this court said:

"One who holds the full legal title to a promissory note by assignment may maintain an action thereon against the maker, notwithstanding he has no beneficial interest in the proceeds, the assignment having been made to enable him to realize on the claim in the interest of the original payee." (Syl. ¶ 1.)

See, also, *Lower v. Shorthill*, 103 Kan. 534, 176 Pac. 107, and *Lucky v. Rush*, 121 Kan. 279, 246 Pac. 1004. The plaintiff could maintain the action.

The judgment fixing the period of redemption at eighteen months is reversed, and the trial court is directed to place the period of redemption at six months from the date of the sale of the land. The judgment of foreclosure is affirmed.