No. 30,937.

THE VERDON STATE BANK, of Verdon, Nebraska, *Appellant*, v.
H. C. SMYTH and MARGARET SMYTH, *Appellees*.

(18 P. 2d 897.)

Opinion filed February 10, 1933.

*M. A. Bender* and *Minnie M. Banks,* both of Holton, for the appellant.

*Floyd A. Sloan, W. Glenn Hamilton,* both of Topeka, and *Albert M. Cole,* of Holton, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the question whether a judgment debtor should have six months or eighteen months in which to redeem a farm which was sold in foreclosure.

The facts were stipulated. In 1924 one Brown owned the farm. He mortgaged it to the plaintiff bank to secure an indebtedness of $7,000. This was not a purchase-money mortgage. In 1926 Brown

sold the farm to defendant Smyth, the consideration being $8,000, of which sum Smyth paid $500 in cash and assumed and agreed to pay the $7,000 mortgage. Shortly afterwards Smyth paid $1,000 on the mortgage, and paid nothing more.

In time the mortgage was foreclosed, the mortgaged premises were sold, the sale confirmed, and the period of redemption fixed at eighteen months.

The one error assigned is predicated on the redemption period. Appellant contends that since Smyth never paid as much as one-third of the agreed purchase price he is only entitled to a period of six months in which to redeem.

The pertinent statute, in part, reads:

"The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall, in the meantime, be entitled to the possession of the property; but where the court or judge shall find that the lands and tenements have been abandoned, or are not occupied in good faith, the period of redemption for defendant owner shall be six months from the date of sale. . . ." (R. S. 60-3439; R. S. 1931 Supp. 60-3439.)

"Whenever a lien shall be given for the purchase price of any real estate, and default shall be made in the conditions of the mortgage or instrument giving such lien before one-third of the purchase price of such real estate shall have been paid by the purchaser thereof, such purchase-money lien may be foreclosed by the legal holder thereof in the manner now provided by law for the foreclosure of other mortgages, and such real estate may be sold under a judgment of foreclosure, as now provided by law: *Provided,* That whenever any such real estate shall be so sold, and the same shall not be redeemed from the judgment by the payment of all principal and interest due upon such lien and costs of such foreclosure within six months from the date of such sale, such sale shall become absolute, and the purchaser at such foreclosure sale shall be immediately entitled to a deed to the real estate purchased. . . ." (R. S. 60-3466.)

While it is agreed that when the $7,000 lien was given by Brown it was not a purchase-money mortgage, appellant contends that it became such by the contract of sale and conveyance of the mortgaged property to Smyth. As to Smyth, appellant argues, it became a purchase-money mortgage; his assumption of the mortgage indebtedness was by far the largest part of the purchase price; and since he has never paid as much as one-third of it, six months is all he is entitled to as a period of redemption.

A majority of this court does not approve this reasoning. It holds that appellant's contention is not warranted by the plain text of the statute. The mortgage when given was not a purchase-money mortgage; its character then became fixed; and nothing the parties or their privies could thereafter do could alter or modify its legal significance. The judgment was therefore correct, and it is affirmed.

DAWSON, J. (dissenting): A statute, so familiar as the one fixing the period of redemption following sales of real estate in foreclosure, cannot properly be considered apart from the decisions in which it has been expounded and applied. Why eighteen months for redemption from foreclosure in one case, and only six months in another? Because the statute says so. Quite so; but why does the statute say so? This court has explained this point time and again. In the recent case of *Langworthy v. Martin*, 129 Kan. 159, 281 Pac. 879, it was said:

"Appellant contends that the $7,500 mortgage which is foreclosed in the instant case (No. 28,969) cannot be regarded as a purchase-price mortgage because it was not given by Kuhns, the purchaser. . . . A critical examination of the statute quoted above does not warrant the construction insisted upon by appellant that to limit the redemption period to six months it is essential that the purchase-money mortgage lien should have been executed by the purchaser. The chief concern of the statute regarding the redemption period is in respect to the amount of the financial stake the judgment debtor has in the property which is extinguished by the foreclosure sale. Have he and those claiming under him actually been out of pocket as much as one-third of the purchase price? If so, they are to have eighteen months to redeem. If their entire stake in the property is less than one-third of the purchase price, then a leniency of six months for redemption after foreclosure sale is all they should have. (*Woods v. Wolf*, 116 Kan. 56, 225 Pac. 1081; *Chastain v. Walton*, 120 Kan. 157, 242 Pac. 479.)" (pp. 160, 161.)

See, also, *Ruf v. Grimes*, 104 Kan. 335, syl. ¶ 3, 179 Pac. 378; *Lawrence Nat'l Bank v. Howard*, 125 Kan. 85, 262 Pac. 562.

The objection is made that it would improve the position of the mortgagee beyond what it was when the mortgage was executed if the redemption period were now fixed at six months as against this defendant who assumed that mortgage as part of the purchase price he agreed to pay for the property. Quite so; it would. The mortgagee's position is likewise improved when any purchaser of property accepts a deed in which he assumes and agrees to pay the mortgage, but that consequence has never been regarded as a reason why the grantee should not be bound thereby.

I would hold that the contract of sale between Brown and Smyth in 1926 had the effect of making the mortgage of 1924 a purchase-money mortgage as to Smyth, and as he defaulted before he paid one-third of the purchase price, six months is all the time he should have in which to redeem. I therefore dissent.

Mr. Justice Burch concurs in the dissenting opinion.