No. 35,822

THE FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for The Aetna Federal Savings and Loan Association, *Appellee*, v. CHESTER HATTON and ODESSA HATTON, His Wife; ALFRED R. NORTH and ROBERT F. NORTH, *Appellants* (BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Defendants*).

(135 P. 2d 559)

Opinion filed April 10, 1943.

*William M. Bradshaw*, of Topeka, was on the briefs for the appellants.

*E. R. Sloan*, *W. Glenn Hamilton*, *Floyd A. Sloan* and *Eldon R. Sloan*, all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Plaintiff as receiver for the Aetna Federal Savings and Loan Association, the successor of the Aetna Building and Loan Association, brought this action for cancellation of a contract and for possession and to quiet title to certain real estate located in the city of Topeka, Kan., which the Aetna Building and Loan Association had contracted to sell and convey to defendant Chester Hatton but which the latter had failed to pay for according to the terms of his contract.

Plaintiff's petition, to which the contract was attached as an exhibit, set out the pertinent facts at some length. The answer except for an admission Chester Hatton had signed the contract was a general denial with a cross petition by Odessa Hatton, his wife, wherein she alleged title in fee simple to an undivided one-sixth interest in such real estate and sought to quiet her title thereto as against plaintiff. The reply was a general denial. Subsequent to the filing of these pleadings Alfred R. North and Robert F. North sought and obtained leave to intervene as defendants. They filed an intervening petition wherein they claimed title in fee simple to an undivided one-third interest in the real estate involved and demanded judgment quieting their title against plaintiff as to such interest. Plaintiff's answer to this petition was a general denial. All of the claimants, above referred to, alleged present possession of the property and that they and those under whom they claimed had had an adverse possession thereof as against plaintiff and all other persons for more than twenty years.

The evidence adduced at the trial may be summarized as follows: That Thomas Fletcher at one time owned the real estate and on January 11, 1910, conveyed a one-half interest therein to Tenney Morgan; thereafter Fletcher died, leaving as his heirs his sisters, Tenney Morgan and Mary Moxley and the three children of Nora Cage North, a deceased sister; thereafter Tenney Morgan died, leaving as her heirs, Mary Moxley and the claimants; in 1923 Mary Moxley deeded all of the real estate in question to Fred Newman and Janie Newman, his wife, subject to a life estate therein, although the record is silent as to when, how, or under what circumstances the grantor acquired full title thereto; subsequently Fred Newman, as plaintiff, filed an action in the district court of Shawnee county, Kansas, to quiet his title to such land and joined as

defendants Thomas Fletcher and wife, Tenney Morgan and husband, if living, and if dead the unknown heirs, executors, administrators, devisees, trustees and assigns of each of such defendants; Mary Moxley was also joined as a defendant, and it appears, although the record fails to make a positive disclosure, personal service of summons was obtained on her; service of summons by publication was made on all other defendants, including the intervenors herein as unknown heirs, and on April 17, 1925, a judgment was rendered quieting the title of Fred Newman in the real estate as against all defendants; in August, 1929, Mary Moxley was adjudged incompetent and her guardian instituted proceedings to set aside this judgment, which application was refused by the court when Newman and Newman, on its order, executed a deed conveying Mary Moxley a life estate therein; in April, 1930, Newman and Newman conveyed the title to Chester Hatton and Odessa Hatton, his wife, defendants herein; Mary Moxley died April 11, 1931, Tenney Morgan, her sister, having predeceased her; on May 11, 1935, defendants Hatton and Hatton transferred the title by quitclaim deed to the Aetna Building and Loan Association.

It further appears: That on March 17, 1938, the Aetna Building and Loan Association, as owner of the real estate, entered into a written contract with Chester Hatton, whereby it agreed to sell, and he agreed to purchase, the property for $1,275, $75 being paid in cash and the balance to be paid at the rate of $13.32 per month with interest at six percent; Hatton was also to pay to grantor $4 per month for the accumulation of a fund from which taxes were to be paid when due; time was made an essential element of the contract and if and when payments were ninety days in arrears the holder thereof reserved the right to declare it null and void and demand and receive peaceable possession of the real estate and retain the payments made as liquidated damages.

The defendant, Chester Hatton, failed to make the monthly payments for taxes as agreed and failed to pay taxes levied and assessed against the real estate for the years 1939, 1940 and 1941. He also failed to pay the principal installments as required by the terms of the contract which were more than six months past due on May 31, 1942. On or about such date, the defendant being in default, and the plaintiff having acquired title to the contract as hereinbefore recited, it elected to and did declare the contract null and void

and on June 18, 1942, brought this action for cancellation thereof and for possession of the real estate described therein.

At the conclusion of the trial judgment was rendered by the court canceling the contract, giving plaintiff possession of the real estate, and quieting its title therein as against all defendants, including the intervenors.

From this judgment the intervenors Alfred R. North and Robert F. North appeal. Their claim is that the court not only erred in giving plaintiff possession but also erred in quieting plaintiff's title to the real estate.

Appellants' claim is not based upon any dispute as to the facts as we have related them. They admit the filing of a quiet-title action by Fred Newman and that the petition in such action alleged he was the owner of the fee-simple title to and in the possession of the real estate here involved. They concede the service by publication had upon them was regular and that the district court of Shawnee county, Kansas, rendered a judgment decreeing Fred Newman to be the owner in fee simple of the real estate, quieting his title therein and barring them from thereafter setting up or claiming any title thereto. Their contention is that notwithstanding the proceedings herein described the judgment rendered was void as to them and had no effect whatsoever on their title or right of possession to the real estate involved therein. Jurisdiction of the appellants in the Newman quiet-title action was obtained under G. S. 1935, 60-2525, authorizing service by publication. That to obtain jurisdiction of anything present and existing within the boundaries of the state, the statutes of Kansas may make service by publication as good as any other kind of service is a principle so well established as to require very little attention. (*Dillon v. Heller,* 39 Kan. 599, 603-605, 18 Pac. 693.) Also elemental is the rule that the term "unknown heir," as used in the section of the code providing for service by publication in cases relating to real property and where the relief demanded is to exclude defendants from any right, title or interest therein, means all who take title to such real estate by reason of the death of the owner, including heirs of heirs. (*Howell v. Garton,* 82 Kan. 495, 108 Pac. 844.)

Appellants admit the soundness of these principles and that they are applicable to their situation. Therefore, it must be conceded the court had jurisdiction of the subject matter and of the parties. What then is so inherently bad in the proceedings resulting in the

rendition of the quiet-title decree as to render that judgment absolutely void? Stripped of all verbiage, appellants' sole argument is that inasmuch as Janie Newman owned a moiety of the fee on the date of the institution of the quiet-title action she was a necessary party, and that having failed to make her a party, the rendition of a judgment decreeing Fred Newman, her husband, to be the owner of the real estate was absolutely void, not only as against her title but also as against their title when set up by them as intervenors in the instant action.

Janie Newman is not involved in this lawsuit and we shall not attempt to determine what effect, if any, such judgment had upon her title except to call attention to the fact that on April 23, 1930, more than five years after the date of its rendition, she joined with her husband, Fred Newman, in a deed which conveyed her interest in the real estate to persons from whom plaintiff acquired the title. In our consideration of this question we find an extremely interesting, although not determinative, case in *Moon v. Moon,* 107 Kan. 466, 192 Pac. 840, wherein it was held:

"While it is a general rule that one tenant in common may not, as against his cotenant, acquire sole title to the common property by purchase at a sale made to satisfy a lien existing when they became owners, the cotenant may not desire to object. He may consent that the purchaser take the full title indicated by master's or sheriff's deed, he may afterwards voluntarily relinquish his interest, and he may lose it by lack of diligence in electing to call on a court of equity to give him the benefit of the purchase." (Syl. ¶ 2.)

In support of their contention appellants rely on G. S. 1935, 60-412, which reads:

"Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

The fallacy of this argument rests in the not uncommon mistake of attempting to give full force and effect to one provision of our code of civil procedure to the exclusion of all others. Here the legal effect of appellants' claim is that the plaintiff in the quiet-title action had no legal capacity to maintain the same because of his failure to make one of his cotenants a party. The determination of that question is to be found not in an interpretation of a single provision of the code but upon all provisions which are applicable. Such a provision is G. S. 1935, 60-707, which reads:

"When any of the defects enumerated in section 93 [60-705] do not appear

upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

In construing the effect of the cited portions of our code this court long ago laid down the rule that where there are grounds for the objection a proper party has not brought the action or that he has no legal capacity to maintain it such objection must be made either by a demurrer to plaintiff's petition or by the defendant's answer, and that not having been done in that way it will be deemed to have been waived. (*Maelzer v. Swan*, 75 Kan. 496, 89 Pac. 1037; *Coulson v. Wing*, 42 Kan. 507, 22 Pac. 570; *Lawrence Nat'l Bank v. Howard*, 125 Kan. 85, 262 Pac. 561; *Thomas v. Reynolds*, 29 Kan. 304, 309; *Hurd v. Simpson*, 47 Kan. 245, 26 Pac. 465, *Hurd v. Simpson*, 47 Kan. 372, 376, 27 Pac. 961.)

See, also, 44 Am. Jur., Quieting Title, § 78, and 51 C. J., p. 213, § 152.

Inasmuch as this question was not raised in the quiet-title action by demurer or answer we are bound to conclude that the judgment rendered therein was not void.

The conclusion just announced disposes of appellants' contention but there is a further and additional reason why their position cannot be upheld. The plaintiff in the quiet-title proceeding was in the actual possession of the property. It was so alleged in the petition and so found by the court. This was sufficient to give him the right to maintain the action against any person who claimed to have an adverse interest. In an action to quiet title where it is shown that the plaintiff is in the actual possession of the property in controversy the defendant cannot defeat the plaintiff's action except by showing a paramount right in himself. He cannot defeat such action by showing a superior title in some third person. This is true regardless of whether this other person is codefendant or a stranger to the suit. (*Brenner v. Bigelow*, 8 Kan. 496, 501; *United States v. Oregon*, 295 U. S. 1, 79 L. Ed 1267, 55 S. Ct. 610; 44 Am. Jur., Quieting Title, § 50; 51 C. J., p. 198, § 123.)

The objection made here to the efficacy of the quiet-title judgment might well have been submitted to a trial court in a proceeding to open up a default judgment on service by publication, as authorized by G. S. 1935, 60-2530, but appellants cannot now make a collateral attack on that judgment in this action.

Generally it is well established by our decisions that when a judgment has been rendered and becomes final it cannot be attacked in a collateral proceeding unless it is made to appear that the judgment is void. (*Eberhardt Lumber Co. v. Lecuyer*, 153 Kan. 386, 110 P. 2d 757; *Brotten v. Luther*, 141 Kan. 489, 41 P. 2d 1017; *Brockway v. Wagner*, 126 Kan. 285, 268 Pac. 96; *In re Luttgerding*, 83 Kan. 205, 110 Pac. 95; *Wyandotte County v. Investment Co.*, 80 Kan. 492, 103 Pac. 996; *Priest v. Robinson*, 64 Kan. 416, 67 Pac. 850.) In actions to quiet title to land, where there has been a general finding of title in the plaintiff, and of no title in the defendants, the same rule prevails. Consequently, where there has been a conclusive and binding decision against a defendant, on the question of title, regardless from what source it may have been derived, he is thereafter estopped from asserting a claim which existed at the time of the rendition of such judgment. (*Wheeler v. Ballard*, 91 Kan. 354, 137 Pac. 789; *Comm'rs of Marion County v. Welch*, 40 Kan. 767, 20 Pac. 483; *Entreken v. Howard, Adm'r*, 16 Kan. 551.)

We are not unmindful of the fact that an examination of the record discloses the appellants may have been wronged in the proceedings which resulted in the former judgment barring them from any interest in the real estate. However, the appellee is in no sense responsible for that situation, if it exists. To hold that the trial court erred in canceling the contract and in quieting appellee's title would not only be unjust to appellee but to countless others, jeopardizing titles to land which have long been accepted in this state as good and valid under our statutes and numerous judicial decisions. The trial court's judgment was required by a long line of well-established decisions, and is affirmed.