No. 42,357

ALFRED MAYFIELD, *Appellant*, v. HESSTON MANUFACTURING COMPANY, INC., *Appellee.*

(365 P. 2d 1107)

Opinion filed November 10, 1961.

*Max Regier*, of Newton, argued the cause, and was on the briefs for the appellant.

*Vernon A. Stroberg*, of Newton, argued the cause, and *Kenneth G. Speir*, *Herbert H. Sizemore* and *Richard F. Hrdlicka*, all of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The principal question to be decided here is whether the order appealed from constitutes an interlocutory appealable order.

This is the second time this court has considered this case, see *Mayfield v. Hesston Mfg. Co.,* 187 Kan. 91, 353 P. 2d 789, where the court affirmed the trial court's orders as to a demurrer to the amended petition, and also as to a motion to make definite and certain. The case, based upon a claim for money due plaintiff upon the basis of *quantum meruit,* was returned to the trial court for further proceedings.

It would appear that on August 18, 1960, a journal entry of an order giving defendant thirty days in which to answer was filed under an agreement between counsel. Later, counsel for defendant obtained oral permission from the court to file instead a motion to make the petition definite and certain. As mentioned in the former opinion, p. 95, the present motion again really sought to make the motion to make definite and certain perform the office of interrogatories filed under the discovery procedure found in the Federal Rules of Civil Procedure (Rule 31).

However, we might note that it would appear most difficult to think that the framers of our Civil Code had discovery in mind when they drew that part of G. S. 1949, 60-741 dealing with motions to make definite and certain. It is also sometimes interesting to compare the language of our section 60-741 with the language describing a motion to make definite under the federal rules in Rule 12 (e). The language is almost identical.

Upon the filing of the above motion, plaintiff immediately filed a motion to strike defendant's motion and for judgment by default. The court denied the motion and plaintiff has appealed that order. Plaintiff argues strenuously that defendant had no right to file the instant motion at this stage of the proceedings and cites G. S. 1949, 60-703. However, the defendant obtained permission to file the motion. Whether such permission was within the discretion of the trial court need not be determined.

What plaintiff is now seeking is in effect an endeavor to strike an alleged sham or unauthorized pleading (G. S. 1949, 60-725). The motion to strike is in effect a motion to dismiss the defendant's pleading and render judgment in favor of plaintiff on default of de-

fendant. The question of defendant's right to answer over would be within the discretion of the trial court even if the motion to strike were sustained (G. S. 1949, 60-727).

It is not every interlocutory order of the trial court that may be appealed to this court before final judgment (G. S. 1949, 60-3302). Perhaps the plaintiff's motion could be compared most nearly to a motion to dismiss defendant's right to defend. But this court has always held that an order overruling a motion to dismiss was not appealable before judgment. The cases as to motions to dismiss are collected in the case of *In re Estate of Sims,* 182 Kan. 374, at 378, 321 P. 2d 185, and need not be set out in this opinion.

The appeal herein must be dismissed since it involves no appealable order. It is so ordered.