No. 42,539

Joseph E. Brock, Administrator of the Estate of Ernest Shank, Deceased, *Appellee*, v. The Peabody Cooperative Equity Exchange, a Corporation, *Appellant*.

(369 P. 2d 320)

,*Clarence N. Holeman*, of Wichita, argued the cause, *David W. Wheeler* and *Edwin G. Westerhaus*, both of Marion, *Robert J. Gilliland, John F. Hayes* and *C. William Miller*, all of Hutchinson, were with him on the briefs for the appellant.

*Enos E. Hook* and *John H. Gerety*, both of Wichita, argued the cause, *Sidney L. Foulston, Sr.*, and *Sidney L. Foulston, Jr.*, both of Wichita, and *John Wheeler*, of Marion, were with them on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a wrongful death action filed January 9, 1959, by a father for the death of his eleven-year-old son on November 25, 1958. The case has previously been before this court on appeal in *Shank v. Peabody Cooperative Equity Exchange*, 186 Kan. 648, 352 P. 2d 41, testing the sufficiency of the amended petition to state a cause of action. (See, also, *Brock, Administrator v. Peabody Cooperative Equity Exchange*, 186 Kan. 657, 352 P. 2d 37.)

After issues had been joined by the pleadings upon return of the case, the trial court overruled a motion of the defendant to dismiss the action. The case is now here on appeal from such ruling. The controlling question is whether such order of the trial court is appealable.

The chronology of events in the lower court may be stated briefly as follows:

Sometime after perfecting the first appeal to this court Ernest Shank, the original plaintiff below, died intestate. Thereafter, this action was revived in the name of Joseph E. Brock, as the administrator of such decedent's estate, and later, on proper application, such fiduciary was substituted as appellant for purposes of proceeding with the first appeal in this court. The revivor of the action in the name of Joseph E. Brock and his substitution as party plaintiff in the action was made *without objection* by the appellant herein.

On May 14, 1960, the decision in the previous appeal to this court, holding the amended petition sufficient to state a cause of action, was announced. Thereafter, on May 19, 1960, the administrator filed his supplement to the amended petition.

On June 29, 1960, the defendant (appellant) answered.

On July 9, 1960, the trial court sustained the plaintiff's (appellee's) motion to strike portions of the defendant's answer.

On September 1, 1960, the defendant's motion for an indefinite continuance was overruled.

On October 24, 1960, the defendant filed an amended answer, which the plaintiff again successfully attacked by a motion to strike.

On December 23, 1960, the plaintiff filed his reply.

It should be noted the 25th day of November, 1960, was two years from the date of accrual of the cause of action for wrongful death.

After the issues were joined, as aforesaid, and on the 4th day of January, 1961, the defendant filed a pleading denominated "Motion to Dismiss" asserting as grounds therefor: First, that Anna Marie Shank, sister of the dead boy, was not one of his next of kin and was not entitled to proceed directly or indirectly against the defendant; and second, that the boy's father, the original plaintiff, was his only next of kin and is now dead, and that the father's administrator has no claim against the defendant.

It is from an order of the trial court overruling this motion that the defendant has appealed.

The rule has repeatedly been stated that a denial of a motion to dismiss an action made by the defendant, is not one of the orders of the district court from which error lies to the Supreme Court until the final disposition of the action in the court below. (*Runnels v. Montgomery Ward & Co.,* 165 Kan. 571, 195 P. 2d 571; *In re Estate of Sims,* 182 Kan. 374, 321 P. 2d 185; *Mayfield v. Hesston Mfg. Co.,* 188 Kan. 765, 365 P. 2d 1107; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; and *Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800.)

Although the appellant concedes the foregoing rule, he contends the court is not confronted with a motion to dismiss but a demurrer grounded upon plaintiff's want of capacity to sue. If this be so, the time for lodging the demurrer expired long before it was filed.

G. S. 1949, 60-707, provides:

"When any of the defects enumerated in section 93 [60-705] do not appear upon the face of the petition, the objection may be taken by answer; *and if no objection be taken either by demurrer or answer the defendant shall be deemed to have waived the same,* except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." (Emphasis added.)

Upon the record here presented, even on the appellant's theory

it is quite clear the sole infirmity of the amended petition as supplemented is want of plaintiff's legal capacity to sue. The first appeal determined that the amended petition stated facts sufficient to constitute a cause of action, and the only change made since then was the substitution of parties plaintiff upon revivor of the action. It is futile to say that because the petition shows on its face the administrator has no legal capacity to sue, it accordingly does not state facts sufficient to constitute a cause of action. The provisions of G. S. 1949, 60-705, enumerating the statutory grounds for a demurrer, specifically separate these two grounds: *"Second,* that the plaintiff has no legal capacity to sue" and *"Fifth,* that the petition does not state facts sufficient to constitute a cause of action." There would have been no occasion for the legislature to enumerate the *"Second"* ground unless it was designed to have utility or purpose.

While the appellant relies upon *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010, the position is not taken that we are here confronted with a question of the court's jurisdiction.

The exceptions indicated in 60-707, *supra,* are therefore not applicable to the instant case. Under this section of the code of civil procedure many cases have held that a waiver results as to defect of parties if no timely objection is taken either by demurrer or, if the defect does not appear upon the face of the petition, by answer. (*Thomas v. Reynolds,* 29 Kan. 304; *Coulson v. Wing,* 42 Kan. 507, 22 Pac. 570; *Hurd v. Simpson,* 47 Kan. 245, 26 Pac. 465; *Maelzer v. Swan,* 75 Kan. 496, 89 Pac. 1037; *Lawrence Nat'l Bank v. Howard,* 125 Kan. 85, 262 Pac. 561; and *Federal Savings & Loan Ins. Corp. v. Hatton,* 156 Kan. 673, 135 P. 2d 559.)

We think the facts in this case present a clear situation in which the doctrine of waiver should be invoked. It is apparent the appellant was pursuing dilatory tactics until the statute of limitations had run, attempting by the motion here under consideration to defeat the appellee at the procedural stage of the case.

The way was open to the appellant at several stages of the proceeding, all well within the period of limitations, to raise the objection as to defect of parties. When the plaintiff Shank died in January, 1960, the case was on appeal to the Supreme Court, and there were still ten months left before his cause of action expired by limitation. The appellant might have objected, rather than consented, to the revivor. It might have objected or protested to the substitution of the administrator as plaintiff in this court when the matter was pending on appeal. When the case went back to the

trial court, with the administrator as plaintiff, the appellant could have lodged a demurrer to the petition upon the ground of defect of parties, which did not exist when it originally demurred. Next, the objection could have been taken by answer, filed in June, 1960, or by the amended answer, filed in October, 1960. (See, *Moore v. State Highway Commission*, 188 Kan. 338, 362 P. 2d 646.)

If the administrator "has no claim against this defendant," as set forth in the "Motion to Dismiss" presently under consideration, that situation existed from and after April, 1960, long before January, 1961, when it was made the subject of objection for the first time, after a reply was filed and the issues made up.

We deem it unnecessary to consider the first ground set forth by the appellant in its "Motion to Dismiss" because Anna Marie Shank is not a party to the action.

Counsel for the appellant must have recognized when the appellant's "Motion to Dismiss" was filed that the time for attacking the petition by demurrer had long passed, because language historically used and appropriate to a demurrer was not used.

We conclude if the pleading under consideration was designed as a motion to dismiss, an order overruling it is not appealable, but if designed as a demurrer in camouflage, it comes too late and is unavailing to the appellant in this case.

The appeal is dismissed.